SHANNON, Judge.
This is an appeal by the husband, defendant below, from a decree in a proceeding for modification of a final decree of divorce and for other relief. Plaintiff filed her complaint on May 4, 1951, seeking a divorce, custodial rights to the child of the parties, alimony and support money. The final decree was entered on May 10, 1951, which reads in part as follows:
“That the custody of the minor child of the parties, namely: Ralph Philip Zoercher, Jr., now aged six years, be and the same is hereby awarded to the plaintiff and defendant, the father and mother jointly, with the provision that the child be kept by each party as nearly one-half of the time as the same can be worked out. * *
“ * * * All cost and expense of transporting the child from the custody of one parent to the other under the terms of this decree shall be borne by the defendant father.
“It is made to appear to the Court that the parties, plaintiff and defendant, are satisfied to leave the question of alimony and the support of the child *730 to the necessities and requirements of the plaintiff and the liberality and ability of the defendant father.
“This Court retains jurisdiction of this matter to make from time to time such orders as may from time to time become proper, upon the application of the parties or either of them.”
By her petition for modification of the final decree, filed on July 9, 1958, the plaintiff alleges in substance that since the summer of 1955 the defendant has paid only $260 for alimony and child support, and that he owed her the principal sum of $2,-710 as of June 30, 1958, according to a verbal agreement between the parties. Testimony of the plaintiff and the defendant was taken on the petition, and the chancellor entered his final decree, ordering:
“That the defendant, Ralph Philip Zoercher, Sr., do pay, beginning as of this date, to the plaintiff, Suzanne Gregoire Zoercher, the sum of Sixty Five Dollars ($65.00) per month as alimony, said payments to begin at this date and to be paid on the 15th day of each calendar month and that said payments be paid through the Juvenile Court at Bartow, Polk County, Florida. It is further ordered that the defendant pay toward the support of the minor child of the parties, the sum of One Hundred and Twenty Dollars ($120.00) per year, whether said child is kept by the mother or the father. Each of said sums ordered, to be paid as alimony and as child support begin as of this date and all monies not paid, to accumulate; and the Court specifically retains jurisdiction of this cause to enter final judgments for the sums unpaid, from time to time, upon the application of the plaintiff and proof by her of the unpaid amount.
“It is further ordered that the Plaintiff, Suzanne Gregoire Zoercher, do have, and recovery [sic] of, from the defendant, Ralph Philip Zoercher, Sr., the sum of Two Thousand Seven Hundred Ten Dollars ($2710.00), with interest, from June 10, 1958, at the rate-of six percent (6%) per annum, and: the Clerk of this Court is hereby ordered and required to issue execution, for said sum. It is further ordered' that the defendant, Ralph Philip Zoercher, Sr., pay immediately to the-plaintiff, Suzanne Gregoire Zoercher,. the sum of Three Hundred Ninty [sic]' (390.00) Dollars, for alimony from June 10, 1958, til December 17, 1958.
“It is further ordered that the defendant, Ralph Philip Zoercher, Sr., pay to H. E. Oxford, Attorney for Plaintiff, Suzanne Gregoire Zoercher, the sum of Five Hundred Dollars-($500.00) as suit money and attorney’s-fees in the original suit for divorce and: in this proceedings to enforce the terms and requirements of said Final Decree-
***** *
“ * * * The defendant is to pay the costs of round trip transportation- and is to furnish the sum of $500.00 to finance a true vacation for the child' and the mother to be together.
“The Court retains jurisdiction of this cause as originally retained for all purposes and specifically for the enforcement of the Final Decree and the enforcement of this Order.”
' The evidence in the original divorce proceeding was not transcribed, and therefore-we have before us only the testimony on the petition for modification. The original: divorce complaint, the petition for modification and testimony on the petition establish-certain facts: The plaintiff and defendant were married in Tampa, Florida, in-1942 and had one child who was at the time of the divorce six years of age; the wife obtained the divorce, portions of the final decree being set out above; the defendant is a practicing attorney in a small town in Indiana, who remarried in 1955; copies of his 1956 and 1957 income tax returns show his gross income to be $7,326.77 in 1956 and $7,889.58 in 1957; the *731 'wife testified that defendant earned in ex■cess of $9,000 in 1951; the wife is now working in Miami, Florida, earning approximately $248.20 net per month; the ■son of the parties who is now fourteen years of age is and has been living in Indiana with the defendant and his family, consisting of his present wife, their child and two stepchildren. It appears also from the testimony that the child came down to visit the plaintiff for two or three months in the summer of 1955, approximately two months in the summer of 1956, and two or three weeks in the summer of 1957. There is not now and never has been any dispute between the parties as to the actual custody of the child.
The defendant husband has set out three ■questions; namely, (1) was there a reservation of jurisdiction in the divorce decree on the subject of alimony, (2) was the •chancellor authorized to enter judgment for the arrearages of alimony and support money when the decree was silent as to :the amount, and (3) is the wife, who does not have custody of the minor child, entitled to receive the yearly amount of support money for the child? The wife poses ■one additional question which is whether the private agreement for alimony is enforceable, even though it was not submitted to the court at the time of the divorce. While we have stated the substance of the questions posed, we do not believe it necessary to answer them separately. However, our decision will encompass all of them.
We shall first take up the question of whether the chancellor should have entered a judgment in the amount of $2,710 for arrearages. There was no finding in his original divorce decree for any specific amount of alimony or child support. The chancellor’s decree finds that the parties are “satisfied to leave the question of alimony and the support of the child to the necessities and requirements of the plaintiff and the liberality and ability of the defendant father.” It is true that the testimony of the wife on the petition to modify shows that the defendant sent to the wife $60 per month for child support and $65 per month for alimony for some years after the decree, but on this appeal we have only the final decree of divorce to interpret, and from that we are unable to conclude as a matter of law that these amounts were, by virtue of the decree, payable to the wife each and every month. Hence, we hold that the chancellor’s final decree on the petition for modification was in error in decreeing that there was $2,710 with interest due from the defendant husband to the plaintiff wife. See Kirby v. Kirby, Fla.App. 1959, 111 So.2d 299; Finston v. Finston, 1948, 160 Fla. 935, 37 So.2d 423; Haynes v. Haynes, Fla.1954, 71 So.2d 491; Cooper v. Cooper, Fla.1954, 69 So.2d 881; 17 Am. Jur., Divorce & Separation, §§ 710-717; 43 A.L.R.2d 1387.
The husband urges that the final decree of divorce, in not granting alimony when the wife had asked for it, was nec.essarily a rejection of it. He further takes the position that the chancellor’s decree does not reserve by specific mention the question of alimony, and hence it was error for him to order the husband to pay the sum of $390 for alimony from June 10, 1958, to December 17, 1958. We hold that the language in the decree reserving jurisdiction, unlike that in Kirby v. Kirby, supra, is sufficient. The chancellor, in the divorce decree, retained jurisdiction “to make from time to time such orders as may from time to time become proper, upon the application of the parties or either of them.” While this language in the decree does not specifically refer to alimony, we think that the decree is, in its general terms and considered in toto, sufficient to retain jurisdiction on the question of alimony. See Kosch v. Kosch, Fla.1959, 113 So.2d 547. Having decided that the chancellor had jurisdiction, it is only necessary for us to pass on the question as to whether or not $65 per month from June 10, 1958, was a reasonable amount under all the circumstances. After reading the testimony con *732 cerning the financial status of the parties, about which there is no dispute, we cannot say that $65 a month alimony is unreasonable. By the terms of the divorce decree the wife was the party who obtained the divorce and she was then, if the financial circumstances were taken into consideration, entitled to alimony. The final decree of divorce did not give her alimony of a specific amount, but left that aspect to the generosity of the defendant. At the time of the hearing on the petition for modification, however, the chancellor heard the testimony and came to the conclusion that she was entitled, after taking into consideration the income of the respective parties, to $65 per month, and we will have to affirm his decree as to the amount.
Next, in the final decree on the petition for modification the chancellor grants the sum of $500 as suit money and attorney’s fees in the original suit for divorce and in these particular proceedings. In the divorce decree there was no provision whatsoever as to attorney’s fees. It is error for the chancellor now to grant the sum of $500 or any sum in these proceedings for services rendered in the divorce proceedings, which were not included in the divorce decree. In the present proceedings, apart from the divorce proceedings, the chancellor may have allowed a reasonable attorney’s fee.
In the decree on the petition for modification there is a provision that when the husband sends the minor child to the wife for a period of three to six weeks every summer he is to pay the costs of the minor child’s transportation and in addition is to furnish the sum of $500 to “finance a true vacation for the child and the mother to be together.” Insofar as the husband’s duty is concerned, the chancellor should have decreed that if and when the minor child was to be sent to his mother in the summer time the husband should pay his transportation costs, together with a sufficient amount to support him during the time that he is with the mother, and there is no obligation upon the defendant to pay for the joint vacations. The record is not clear as to the amounts the husband should send to the wife for child support during the vacation time, and so this case will be sent back to the chancellor for that determination.
For the purpose of clarification, we hold that the final decree of the chancellor is reversed except as to the award of $65 per month from June 10, 1958, which will stand affirmed. The final decree is reversed in all other particulars and the case is remanded to the chancellor for him to determine a reasonable amount to be sent to the plaintiff as support money for any lengths of time the minor child will be visiting her during vacation time, the transportation expenses of said minor child to be borne by the defendant. In addition, the chancellor may allow the plaintiff’s attorney a reasonable attorney’s fee in these proceedings.
Reversed in part and affirmed in part.
ALLEN, Chief Judge, and FUS SELL, CARROLL W., Associate Judge, concur.