PER CURIAM.
This is an appeal by the husband, plaintiff below, in which he seeks review of a preliminary decree and final decree awarding lump sum alimony and attorneys’ fees, entered subsequent to a final decree of divorce. In the final decree, the chancellor found “that the plaintiff has failed to establish the allegations of his complaint * * * that the defendant has established the allegations of her counterclaim. * * * ” Accordingly, the defendant was granted a divorce from the plaintiff a vinculo matrimonii. The chancellor made no determination as to attorneys’ fees but reserved jurisdiction of the cause “for the purpose of determining whether or not the plaintiff should pay to the defendant alimony in periodic installments or in a lump sum and in what amount.” The decree was affirmed upon appeal.[1] Upon a subsequent interlocutory appeal,[2] this court affirmed an order appointing an appraiser to evaluate the husband’s property.
By the preliminary decree the chancellor determined that a lump sum award of alimony was proper and allowed the parties twenty days to negotiate in an effort to agree upon the amount of the award. In the decree awarding lump sum alimony and attorneys’ fees, the chancellor found that the parties had been unsuccessful and unable to agree upon any amount, and accordingly decreed, inter alia, that the plaintiff husband execute and deliver to the wife a conveyance of certain real property. In addition, the chancellor decreed:
“ * * * that the Plaintiff, Lawrence B. Cone, shall pay, as reasonable attorneys’ fees, the sum of Twelve Thousand Five Hundred and No/100 ($12,500.00) Dollars to the defendant’s attorneys and judgment for said amount is hereby entered in favor of Dan Chappell and Monrad Thue, Jr. *612 against the said Lawrence B. Cone, for which let execution issue.
“ * * * that the said Lawrence B. Cone shall pay as costs, to Russell R. Garnett, Court appointed Appraiser, the sum of Fifteen Hundred and No/100 ($1,500.00) Dollars, as a reasonable fee for his services rendered and judgment for said amount is hereby entered in favor of said Russell R. Garnett and against the said Lawrence B. Cone, for which let execution issue.”
The appellant urges three points upon which he relies for reversal. The first and third points, which are directed to the propriety of the lump sum award of alimony and the amounts awarded thereunder, have been considered but found to be without merit. The remaining point is directed to the awards of attorneys’ and appraiser’s fees.
By her counterclaim the defendant sought, inter alia, a final decree of divorce, temporary and permanent alimony and temporary and permanent counsel fees, suit money and costs. In the final decree of divorce, the chancellor made a reservation as to alimony but made no provision as to attorneys’ fees. In the decree awarding lump sum alimony and attorneys’ fees, the chancellor has granted as attorneys’ fees a sum for the services rendered in connection with the entire litigation of this cause. In 3 Nelson, Divorce and Annulment, 2d ed., § 29.-09, it was said:
“After the entry of a decree of divorce, it is too late to apply for counsel fees, as the marital relationship has already been severed, and it is commonly held that the right to such fee is dependent upon the husband-wife relationship and the obligations of the husband to supply necessities.”
The Supreme Court of Florida used similar language in Carson v. Oldfield, 99 Fla. 862, 127 So. 851, 852:
“When a final decree of divorce has been entered in this state and the time has elapsed in which appeal may be taken, such decree becomes and is absolute and puts an end to the relation of marriage between the parties as effectually as would result from death, and if there is no provision made in that decree, or in any former decree entered in the cause, requiring the husband to pay alimony, suit money, or solicitors’ fees, all duties and obligations in that regard terminate and cease, and thereafter the divorced wife may maintain no claim against the divorced husband for either of such items.”
See Vinson v. Vinson, 139 Fla. 146, 190 So. 454, and Tenny v. Tenny, 147 Fla. 672, 3 So.2d 375; contra, Rothman v. Rothman, 180 Pa.Super. 421, 119 A.2d 584 and Morgan v. Morgan, 182 Pa.Super. 182, 126 A.2d 805.
In Zoercher v. Zoercher, Fla.App.1959, 114 So.2d 728, 732, the Second District Court of Appeal was faced with a similar problem. The lower court had entered a decree of divorce which did not specify any amount of alimony but reserved jurisdiction on the question of alimony. Upon petition for modification, a further decree was entered wherein the lower court specified a sum as alimony and, in addition, granted $500 as suit money and attorney’s fees in the original suit for divorce and in the supplemental proceedings. The appellate court there said :
“ * * * In the divorce decree there was no provision whatsoever as to attorney’s fees. It is error for the chancellor now to grant the sum of $500 or any sum in these proceedings for services rendered in the divorce proceedings, which were not included in the divorce decree. In the present proceedings, apart from the divorce proceedings, the chancellor may have allowed a reasonable attorney’s fee.”
For the reasons herein stated, the decree appealed is reversed as to the award of attorneys’ fees and the cause remanded with directions to consider and allow a reasonable attorneys’ fee for services *613 rendered subsequent to the final decree of divorce. In all other respects, the decree is affirmed.
Affirmed in part, reversed in part and remanded with directions.

. Cone v. Cone, Fla.App.1959, 114 So.2d 461.

. Cone v. Cone, Fla.App.1960, 120 So.2d 244.