133 So.2d 463 (1961)
TRAVELERS INSURANCE COMPANY, a corporation, Appellant,
v.
TALLAHASSEE BANK AND TRUST COMPANY, a corporation, the State Office Supply Company, a corporation, and Kathleen Brown Wrenn, as Administratrix of the Estate of Henry Spears Wrenn, deceased, Appellees.
No. C-101.
District Court of Appeal of Florida. First District.
September 7, 1961.
On Petition for October 24, 1961.
Rehearing Denied October 24, 1961.
*464 Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, and Horne & Rhodes, Tallahassee, for appellant.
Caldwell, Parker, Foster, Madigan, Oven & Moriarty, and Ausley, Ausley & McMullen, Tallahassee, for appellees.
On Petition for Attorneys' Fee October 24, 1961.
PER CURIAM.
Appellant Travelers, who was plaintiff below in a declaratory decree proceeding, seeks reversal of a final decree by which the Chancellor declared appellant to be liable on two policies of insurance covering the life of the late Henry Spears Wrenn.
On December 17, 1952, Travelers issued to Wrenn two policies of five-year term life insurance. Each was in the amount of $5,000. The policies named Wrenn's "executors, administrators or assigns" as beneficiaries. There was in each a provision for automatic conversion to ordinary life insurance at the end of the five-year period. This provision read as follows:
"Conversion  Provided premiums under this contract shall be paid for five years the Company will, at the expiration of that period, without evidence of insurability, convert the insurance hereunder to the form of contract designated in the application with premiums and values according to the Company's tables in use at the time of such conversion, such contract to be issued at the attained age of the Insured, to carry the same special provisions, if any, as are attached to or indicated upon this contract at the time of conversion and to be upon the same mortality basis as that upon which this contract is issued."
The application, made a part of the policy, specified that the conversion should be to ordinary life insurance.
On July 31, 1957, The State Office Supply Company, of which Wrenn was president and controlling stockholder, sought an extension of credit from appellee, Tallahassee Bank and Trust Company. The bank agreed to extend the credit, provided Wrenn would personally endorse the note and provided further that he would assign to the bank insurance upon his life in the amount of $10,000. By a formal written assignment, Wrenn assigned the two policies in question as collateral security to the appellee bank. The assignments were executed on forms provided by appellant, Travelers. In all respects they met the requirements of a provision in each policy which read "No assignment shall be binding upon the company unless and until it is filed with the company at its home office." Each assignment transferred to the assignee *465 bank the right "to exercise any and all options" granted by the policy. The insurer was authorized to make all payments to the assignee and each document contained, in addition, the following provision: "The exercise of any right, option, privilege or power given herein to the Assignee shall be at the option of the Assignee. * * *"
On October 9th, 1957, approximately two months before the scheduled expiration date of the two term policies, appellant, Travelers, wrote a letter to Wrenn, advising him that there would be due on December 1, 1957, a premium of $199.20 "to effect conversion of term contract * * * to ordinary life." This same letter also contained the following advice to Wrenn:
"Under the automatic provision of your contract, the permanent form of life insurance to which you are entitled will be forwarded through our representative in time for delivery on or before the effective date of conversion." (Emphasis added.)
Apparently, December 1, 1957 was fixed as the premium due date for the reason that although the insurance policies were dated December 17, 1952, they contained a provision to the effect that the "date of the contract" was December 1, 1952, which was, in fact, the date of the application.
The only factual conflict in the evidence was the assertion by Travelers that a copy of the October 9th, 1957 letter was mailed to appellee bank, the assignee. Officials of the bank denied receipt of the notice. In considering the motion for summary judgment, the Chancellor indulged the assumption that the notice was mailed and was received by the bank. In so doing, he credited to the appellant the benefit of the most favorable interpretation that could be placed upon this evidence. Subsequent to the mailing of the letter of October 9th, 1957, a local agent of Travelers contacted Wrenn several times with respect to the conversion of the insurance from term to ordinary life. On November 25th, 1957, The State Office Supply Company, by Wrenn as President, notified Travelers in writing that the policies would not be continued. As late as December 23, 1957, the local agent was still in possession of the converted ordinary life policies and, on that date, he again tendered the policies to Wrenn.
All of the foregoing recitation of facts is largely background to the salient aspect of the problem. In none of his dealings did the local agent tender the converted policies to the bank as assignee. At no time was the bank given the opportunity to accept the converted policies. It had a notice, as we must assume from the decree, to the effect that a permanent form of life insurance would be forwarded. It never was, so far as the bank was concerned. The insurance company, despite its full knowledge of the interest of the bank, completely disregarded the assignee in the most vital aspect of the transaction. Furthermore, neither the insurance company nor its local agent notified the bank that Wrenn had declined conversion of the policies.
Mr. Wrenn died June 7, 1958. His estate and The State Office Supply Company are solvent. The bank has filed no claim against the Wrenn estate. The insurance company sought this declaratory decree, contending that its obligation was performed when it notified Wrenn and tendered the policies to him and that it was discharged from any further responsibility when Wrenn declined the converted policies. The insurance company also contends that if it should be held liable on its policies, then it should be subrogated to the claim of the bank against the estate of Wrenn and The State Office Supply Company.
The Chancellor granted a motion for summary final decree and supported his decree with a comprehensive opinion in which he set forth in detail the factual situation outlined above. It was his view that the obligation of Travelers was to recognize the appellee bank as the one lawfully entitled to make the decision regarding *466 the conversion of the term policies to ordinary life. He concluded that the provision of the policies regarding conversion was conditioned only upon the proviso that "premiums under this contract shall be paid for five years." This sole condition having been met, the Chancellor then held that conversion from term to ordinary life came automatically and that the insurance company was duty bound to tender an ordinary life policy in converted form to the assignee bank, who had the right under the assignment to exercise all of the options provided in the policies. It was the ultimate view of the Chancellor that when the insurance company failed to meet its contractual obligation, and because of such failure, the bank stands to lose a valuable right, then the insurance company became liable to the bank to the extent of the face value of the policies.
The appellant insurance company relies heavily on the contention that the assignee bank was merely a pledgee, and had no rights whatsoever in the matter of making elections under the policy provisions. It seems to be appellant's principal assertion that the assignment was purely for collateral purposes to secure a debt and that the assignor Wrenn did not by the assignment divest himself of the rights granted by the policies. The company suggests that the bank merely had the right to receive payment in the event of death during the term of the policies and while its claim against Wrenn exceeded in amount the face of the policies.
The Chancellor took a different view and in so doing we think he ruled correctly. The effect of the assignment of a life insurance policy executed in accordance with the terms of the policy, as was done in the instant case, is to place the assignee of the policy in the same status with respect to all rights and liabilities under it which the insured occupied before the transfer. The over-all effect of such an assignment is to substitute the assignee for the insured as a party to the policy. The legal title actually vests in the assignee subject to a right of redemption by the insured who can accomplish a release of the policy by payment of the principal debt for which the policy is pledged as collateral. 29 Am.Jur.Insurance, § 677, et seq.; Moon v. Williams, et al., 102 Fla. 214, 135 So. 555; Withers v. Sandlin, 36 Fla. 619, 18 So. 856.
The consequence of this view simply is that in its dealings regarding the converted policy, the insurance company and its local agent dealt with the wrong people. The result of the manner in which they handled the transaction was to deprive the appellee bank of its opportunity to elect to pay the premium due and receive a converted ordinary life policy. The dealings between the appellant insurance company and the deceased Wrenn were in effect a transaction between an assignor and an obligor to the injury of an assignee of the indebtedness. When collateral is duly assigned as security for a debt, the assignee creditor acquires the title to the security which the assignor debtor cannot abridge. The latter merely enjoys an equity of redemption. In this instance, the assignment of the insurance policies as collateral for the Wrenn obligation conferred upon the bank a right which could not be adversely affected by any independent transaction between Wrenn and Travelers. Darling Shop of Birmingham v. Nelson, 262 Ala. 495, 79 So.2d 793; 4 Am.Jur. Assignments, § 105; Couch, Cyclopedia of Insurance Law, Vol. 6, § 1458z.
The ultimate conclusion of the Chancellor, holding the insurance company liable to the bank, is therefore supported by the factual situation and the authorities which we have cited.
In regard to the claim of appellant Travelers for the right of subrogation against The State Office Supply Company and the Wrenn estate, the Chancellor also ruled correctly in holding that the insurance company's obligation was the primary one based upon its policy provisions. We are not here confronted by the orthodox subrogation *467 situation in which one party pays off the debt of another and seeks the right to be placed in the stead of the creditor. Here the debtor-creditor relationship existed directly between the insurance company and the bank, and there is no basis for the application of any aspect of the doctrine of equitable subrogation.
The insurance company also contends that the Chancellor committed error in awarding an attorney's fee to the attorneys for the bank. It is contended that § 627.0127, Florida Statutes, F.S.A., merely authorizes the allowance of an attorney's fee when a judgment or decree is "in favor of an insured or the named beneficiary under a policy or contract executed by the insurer."
Under the situation reflected by the facts in this case, the assignee of the policies was actually the beneficiary. Similar provisions have generally been construed to mean that the "beneficiary" is the one entitled to receive the proceeds of the policy. 29 Am.Jur., Insurance, § 1631 and § 1663. Actually, the beneficiary designated in the instant policies included the "assigns" of the insured. Under the terms of the assignment, the assignee was in effect substituted for the insured until the policies were reclaimed by the payment of the principal debt.
Finding therefore that the Chancellor's decree was without error, it is affirmed.
It is so ordered.
CARROLL, DONALD K., Chief Judge, STURGIS, J., and THORNAL, Associate Judge, concur.

On Petition for Attorneys' Fee
PER CURIAM.
After the handing down of the decision herein the successful appellee filed motion for award under Section 627.0127, Florida Statutes, F.S.A., of a fee for appellee's attorneys in defending this appeal.
The subject statute provides that "the trial judge shall adjudge or decree against the insurer and in favor of the insured or beneficiary, a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had" where judgment or decree is rendered in favor of the insured or beneficiary under a policy or contract executed by the insurer, and that the compensation or fees so awarded shall be included in the judgment or decree rendered in the case. The statute is clearly limited to services in the trial court.
Florida Appellate Rule 3.16, subd. e, 31 F.S.A., provides:
"Where attorney's fees are allowable by law for services in the appellate court the request therefor shall be presented by motion filed with the clerk of the appellate court at or before the time of filing the party's first brief, and shall be disposed of at the time the case is disposed of on the merits, unless otherwise ordered by the court."
As this appeal was disposed of on its merits prior to the filing of the motion for allowance of attorney's fees, said motion is not timely and cannot be considered, even assuming arguendo that the statute is broad enough to permit such an award by an appellate court, a question which we are not called on to decide.
In view of the foregoing, appellee's motion must be and it is hereby denied.
CARROLL, DONALD K., Chief Judge, STURGIS, J., and THORNAL, Associate Judge, concur.