CARROLL, Judge
(dissenting).
I respectfully dissent. This represents the fourth appearance of this case here. The first was an appeal from a divorce decree.[1] There the husband appealed from a decree which dismissed his suit for divorce, granted the wife’s counterclaim for divorce against him and reserved ruling *331 to determine thereafter the amount of her alimony. The decree was affirmed. No motion was filed in the appellate court on that appeal for the allowance of attorneys’ fees for the services of the wife’s attorneys therein.
Next we considered and affirmed an order brought before us on an interlocutory appeal in the case.[2] No application was made in that appellate proceeding for attorneys’ fees for the wife’s attorneys.
The third appearance of the case here was an appeal by the husband from the subsequent order allowing lump sum alimony and allowing attorneys’ fees for the services of the wife’s attorneys in the trial court.[3] We there affirmed the allowance of alimony but reversed the order for attorneys’ fees because, as previously held by the Supreme Court, where no provision was made for attorney’s fees in the divorce decree they were not allowable thereafter. No application was made in this court for allowance of a fee for the services of the wife’s attorneys on that appeal. We remanded the cause with directions “to consider and allow a reasonable attorneys’ fee for services rendered subsequent to the final decree of divorce.”
On the present appeal, it is disclosed that after the remand a hearing was held in which the chancellor received evidence of the value of the services rendered in the trial court subsequent to the divorce decree (being those incident to determination of the amount of alimony), and also received, over objection, evidence of the reasonable value of the services performed by attorneys for the wife in the above described appeals in this appellate court. In making his allowance the chancellor did not indicate whether a part thereof was for the appellate proceedings, and if so, what part.
In dissenting I would not question the, amount of the fee, in view of the broad discretion given a trial court in such mat^ ters, unless the fee allowed, or part of it was not authorized by law. Therefore, I would remand the cause again, with directions to eliminate from the amount of attorneys’ fees thus allowed, the part thereof which represented fees for work on the several appeals.
I reach that conclusion on four grounds. First, such attorneys’ fees for services on appeal are allowable only in and by the appellate court on timely application made in that court, according to the express provisions of subparagraph e of rule 3.16,' Florida Appellate Rules, 31 F.S.A., which reads as follows:
“Where attorney’s fees are allowable by law for services in the appellate court the request therefor shall be presented by motion filed with the clerk of the appellate court at or before the time of filing the party’s first brief, and shall be disposed of at the time the case is disposed of on the merits, unless otherwise ordered by the court.”[4]
Secondly, the right to receive such fees was lost when applications therefor were not made in the appellate court as and within the time provided for by the said rule 3.16, subparagraph e. It was so held in Travelers Insurance Company v. Tallahassee Bank & Trust Company, Fla.App.1961, 133 So.2d 463.
Thirdly, in receiving evidence of the value of services in the appellate court, the chancellor departed from our direction on the remand as reported in 132 So.2d 611. The direction to the trial court to consider and allow reasonable attorney fees for services rendered subsequent to the final decree of divorce necessarily had refer *332 ence and was limited to fees for those services occurring in the trial court subsequent to the divorce decree and were all the trial court legally could allow. The fact that this court’s language on remand did not expressly exclude services of the type which were not allowable in the trial court gave the chancellor no basis to include them. Of the three cases cited by the majority as authority for the per curiam order of af-firmance, one was the decision of this court in this case remanding the cause with direction to allow fees for services [in the trial court] subsequent to the decree. Neither of the other two was concerned with or discussed attorneys’ fees for appellate work.. At most, it can be said that by not expressly stating that fees for services in the appellate court should not be allowed, our directions were not sufficiently clear to prevent misinterpretation.
That leads to the fourth ground, and that is that since on remand of the cause we intended to direct allowance of fees only for trial court services rendered subsequent to the decree, we should now say so, and make our judgment effective. This is the same suit in which the prior appeals were had and prior orders made. We have the power to correct any error which the chancellor may have made or which we heretofore may have made in the progress of the litigation, or to clarify our directions in order that the due intent and purpose thereof may be performed. Thus it was held in Beverly Beach Properties v. Nelson, Fla.1953, 68 So.2d 604, on rehearing at 607-608, that in a subsequent appeal in a cause the appellate court could and should change the law of the case if their previous action is regarded as erroneous. Here we need not go that far. In this instance the record before us gives strong indication that the chancellor, through misunderstanding of our directions, included in his allowance of attorneys’ fees a sum for the services of the wife’s attorneys on the various appeals which had been taken to this court in the cause. If lack of clarity of our directions caused that erroneous result, we should not hesitate to clarify our judgment and more fully express the “law of the case.”
For the reasons stated, it would appear that the order appealed from should be reversed and the cause remanded for the purpose expressed above.

. Cone v. Cone, Fla.App.1959, 114 So.2d 461.

. Cone v. Cone, Fla.App.1960, 120 So.2d 244.

. Cone v. Cone, Fla.App.1961, 132 So.2d 611.

. This provision of the rule is new, having been added July 1, 1957. See Authors’ Comment, 31 F.S.A., pocket part, p. 84.