163 So.2d 340 (1964)
Anna B. JOHNSON, Appellant,
v.
ATLANTIC NATIONAL INSURANCE COMPANY, a Florida corporation, Appellee.
No. 64-54.
District Court of Appeal of Florida. Third District.
April 14, 1964.
Rehearing Denied May 13, 1964.
Carey, Terry, Dwyer, Austin, Cole & Stephens, and Joseph A. McGowan, Miami, for appellant.
Weinstein & Weinstein, Miami, for appellee.
Before BARKDULL, C.J., and TILLMAN PEARSON and HENDRY, JJ.
HENDRY, Judge.
Defendant appeals chancellor's refusal to award attorney fees pursuant to § 627.0127 Fla. Stat., F.S.A.[1]
*341 Appellant was involved in an automobile accident with appellee's insured. Appellee claimed that in regard to this accident, it was not obligated to defend its insured and in the event that appellant obtained a judgment against its insured, it would not be obligated to pay the same. Appellee sought to establish the above contentions by means of instituting an action for declaratory relief. Both, appellee's insured and appellant, were named as parties-defendants in this action. The appellee's insured did not actively participate in the litigation and a decree pro confesso was entered against him. Appellant, however, vigorously defended this action, and as a result of such activities (involving an appeal to this court, Fla.App., 155 So.2d 886) the appellee's contention was refuted. In a well reasoned opinion, Judge Cullen dismissed the complaint and denied appellant's request for attorney's fees.
As pointed out in his opinion, this case is controlled by the decision of this court in James Furniture Mfg. Co., Inc. v. Maryland Cas. Co., Fla.App. 1959, 114 So.2d 722, at p. 723, wherein Judge Carroll, writing for the court said:
"Here the insurer filed suit on the policy in the circuit court. It sought a decree declaring that the insurer was not liable under the policy. The insured and its driver, against whom a judgment for damages had been entered, and also the party holding the judgment against them, were required to defend the case, in which they ran the risk of losing the benefits of the policy. The court ruled in favor of the defendants, and established the obligation of the insurer under the policy. Under those circumstances the statute for the allowance of attorney fees was applicable."
We can find no distinguishing feature between that case and this. The factual differences are insufficient to cause us to reach a different result. In James the insured and tort-claimant-judgment creditor both actively defended the insurance company's suit, whereas, in our case just the tort claimant defended. To us, this is more justification for holding the tort claimant entitled to attorney fees. It must be remembered that appellant is not a volunteer; she was made a party to this litigation at the behest of the insurance company. The James opinion did not limit the recovery of attorney fees to insured's to the exclusion of tort claimants who are clearly the beneficiaries of automobile liability policies.
In view of the above, the interlocutory order appealed from is reversed and remanded for proceedings consistent with the views expressed herein.
Reversed and remanded.
NOTES
[1] Section 627.0127 Fla. Stat., F.S.A. provides:

"Upon the rendition of a judgment or decree by any of the courts of this state against an insurer in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial judge shall adjudge or decree against the insurer and in favor of the insured or beneficiary, a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had. Except, that without any prejudice or effect whatsoever as to suits relating to the other kinds of insurance, no such attorney fee shall be allowed in any such suit based on a claim arising under a life insurance policy or annuity contract if such suit was commenced prior to expiration of sixty days after proof of the claim was duly filed with the insurer. Where so awarded compensation or fees of the attorney shall be included in the judgment or decree rendered in the case."