261 So.2d 131 (1972)
ALL WAYS RELIABLE BUILDING MAINTENANCE, INC., a Florida Corporation, Petitioner,
v.
Elsie MOORE et al., Respondents.
No. 41540.
Supreme Court of Florida.
April 12, 1972.
Rehearings Denied May 16, 1972.
Ainslee R. Ferdie, and James D. Brown, Jr., Coral Gables, for petitioner.
John L. Hartnett, Miami, for respondent.
ERVIN, Justice.
This is a certiorari review of the decision of the District Court of Appeal, Fourth District, in Southern American Fire Insurance Co. v. All Ways Reliable Building Maintenance, Inc., et al., 251 So.2d 11. We find conflict and quash the decision of the District Court as hereinafter explained.
As reflected in the opinion of the District Court, Petitioner All Ways Reliable Building Maintenance, Inc., repaired the premises of Elsie Moore damaged by fire. Respondent Southern American Fire Insurance Company covered Elsie Moore's premises with its insurance policy.
When Southern American Fire Insurance Company denied Elsie Moore's claim for her fire loss under the policy, Petitioner All Ways Reliable sued Elsie Moore and the insurance company for its services in repairing the fire damage in the sum of $833.42, plus attorneys' fees. Elsie Moore filed a cross-claim alleging she agreed to have the fire damage repaired by Petitioner-plaintiff All Ways Reliable upon the approval of an agent acting for the insurance company in the adjustment of the claim for the fire loss. She alleged the insurance company was liable for the work done.
The insurance company denied liability in the suit as to both All Ways Reliable and Moore on the ground that Moore failed to file a proper claim of loss.
*132 Jury verdicts were returned in favor of Moore and All Ways Reliable. The one in favor of All Ways Reliable was for $833.42, plus six per cent interest to date of verdict, which brought the total to $1,020.
A judgment on its favorable verdict was entered for All Ways Reliable in the sum of $1,020. Later, the trial court entered an order on costs and attorney's fees in which All Ways Reliable was allowed $2,349 as attorney's fees.
This fee was reversed by the District Court for two reasons: first, because All Ways Reliable was neither an insured nor a named beneficiary under the fire insurance policy; second, because the suit by All Ways Reliable was not on the insurance policy, but was on an implied contract between All Ways Reliable and the insurance company for work done on Moore's premises.
The District Court looked to Section 627.0127, Florida Statutes 1969, F.S.A. (now Section 627.428), which provides in part:
"(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court, or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had."
We agree with the District Court that it was established in the trial court that an implied contract existed in favor of All Ways Reliable which logically included an assignment of Elsie Moore's fire claim loss against her insurance company to All Ways Reliable. This is the essence of what the jury found in the trial court upon which judgment was entered in All Ways Reliable's favor, followed by the allowance of attorneys' fees. Compare Nationwide Mutual Insurance Co. v. McNulty, Fla., 229 So.2d 858; West Fla. Grocery Co. v. Teutonia Fire Ins. Co., 74 Fla. 220, 77 So. 209; Indian River State Bank v. Hartford F. Ins. Co., 46 Fla. 283, 35 So. 228; Spears v. West Coast Builders' Supply Co., 101 Fla. 980, 133 So. 97; Selfridge v. Allstate Insurance Co., Fla.App., 219 So.2d 127. See also, Coblentz v. American Sur. Co. of New York, 5 Cir., 421 F.2d 187; 3 Fla.Jur., Assignments, page 143.
Under such circumstances it is highly technical and unrealistic to take the view that F.S. Section 627.0127, F.S.A., does not authorize an attorney's fee for All Ways Reliable. All Ways Reliable was found by implication of the related circumstances to be the assignee of the insured Elsie Moore's loss claim against the insurance company; and, having successfully sued the insurance company which denied the claim for the amount representing the fire loss, was entitled concomitantly to the attorney's fee.
We find that the result of the decision herein of the District Court directly conflicts with the assignment rights of Petitioner as enunciated in the cases hereinbefore cited, and with the principle of law that the purpose of F.S. Section 627.0127, F.S.A. is to discourage contesting of valid claims of insureds against insurance companies. Under the broad interpretations which this Court has given Section 627.0127, it would appear to follow that an assignee of an insurance claim stands to all intents and purposes in the shoes of the insured and logically should be entitled to an attorney's fee when he sues and recovers on the claim.
Elsie Moore is not before this Court in this litigation and we do not pass upon any question vis-a-vis her rights and those of the insurance company.
The decision of the District Court is quashed with direction that the award of *133 attorney's fee to All Ways Reliable be reinstated.
It is so ordered.
ROBERTS, C.J., and ADKINS, BOYD and McCAIN, JJ., concur.