269 So.2d 434 (1972)
John WILDER, Appellant,
v.
Gladys Williams WRIGHT and Colonial Penn Insurance Company, a Corporation, Appellees.
No. 72-362.
District Court of Appeal of Florida, Second District.
November 15, 1972.
*435 George F. Wilsey, of Fisher & Wilsey, St. Petersburg, for appellant.
Shackleford, Farrior, Stallings & Evans, Tampa, for appellees.
PIERCE, Chief Judge.
Appellant John Wilder appeals to this Court from a final order entered by the Pinellas County Circuit Court denying the motion of appellant and his co-plaintiff below, for assessment of attorney's fees under former F.S. § 627.0127, F.S.A., now brought forward as F.S. § 627.428, F.S.A.
The factual background of the case is simple. An automobile collision occurred on May 5, 1970, at an intersection in Clearwater between a vehicle operated by Wilder and a vehicle operated by Mrs. Wright, with both parties sustaining severe injuries. Wilder sued Mrs. Wright and her insurance carrier, Colonial Penn Insurance Company, to recover for his injuries caused by her alleged negligence in operating her vehicle. The jury verdict was in favor of Wilder and against Mrs. Wright and her insurance carrier.
In his complaint Wilder had alleged the existence of her liability insurance policy written by Colonial Penn and claimed recovery from the carrier for an attorney's fee for Wilder's attorney based upon F.S. § 627.428, F.S.A. At the trial, Wilder filed his Motion to Tax Costs and for allowance of Attorney's fees. The amount of costs was stipulated and the parties also stipulated to the sum of $2,000.00 as being a reasonable fee for Wilder's attorney contingent upon the Court thereafter allowing such fees as a matter of law. Thereafter, the Court rendered judgment on the jury verdict but denied Wilder's motion for allowance of attorney's fees, holding that F.S. § 627.428, F.S.A. was not applicable to the situation involved. Order was entered accordingly, which Wilder appeals to this Court. The only point before this Court is whether or not, under the stated statute, and the facts aforesaid, Wilder is entitled to allowance of attorney's fees. We agree with the trial Court and affirm.
F.S. § 627.428, F.S.A. (as now contained in the 1971 Compilation of Florida Statutes), reads as follows:
"(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court, or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court, shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had."
The question presented may be stated: Is a successful tort claimant entitled to attorney's fees under F.S. § 627.428, F.S.A. *436 (formerly § 627.0127 F.S.) in a direct action on the issue of liability against the tort-feasor and her insurance carrier where the question of liability coverage is not an issue?
This precise question has not been determined by the appellate courts of Florida.
Wilder contends that since Shingleton v. Bussey, Fla. 1969, 223 So.2d 713, held that the injured third party claimant is a third party beneficiary of the tort-feasor's insurance contract, he, Wilder, is a "named beneficiary" under F.S. § 627.428, F.S.A. and is therefore entitled to attorney's fees in the initial action on the issue of negligence liability under said statute.
The purpose of the statute is to discourage contesting of valid claims of insureds against insurance companies, Salter v. National Indemnity Co., Fla.App. 1964, 160 So.2d 147; All Ways Reliable Building Maintenance, Inc. v. Moore, Fla. 1972, 261 So.2d 131, and to reimburse successful insureds reasonably for their outlays for attorney's fees when they are compelled to defend or to sue to enforce their contracts, Salter, supra.
Wilder relies heavily here upon Travelers Insurance Company v. Tallahassee Bank and Trust Co., Fla.App. 1961, 133 So.2d 463, but that case is clearly distinguishable. There the bank was an assignee of a life insurance policy. The 1st District Court properly held that "under the terms of the [contractual] assignment, the assignee was in effect substituted for the insured until the policies were reclaimed... ." Johnson v. Atlantic National Insurance Company, Fla.App. 1964, 163 So.2d 340, also relied upon by Wilder, is distinguishable. There the insurance company initiated a declaratory judgment action against its insured tort-feasor and the tort claimant to determine liability coverage under its policy. Attorneys' fees were awarded as a penalty for the insurance company forcing the successful tort claimant to defend the action. All Ways Reliable Building Maintenance, Inc., supra, is also distinguishable. In that case All Ways was found by implication of the related circumstances to be the assignee of the insured; the insurance company denied coverage of its insured's loss claim, and All Ways was forced to sue to recover on the claim.
In Beta Eta House Corp., Inc. of Tallahassee v. Gregory, Fla. 1970, 237 So.2d 163, our Supreme Court said:
"In the event the carrier denied coverage, this issue may be determined by a separate trial before, as well as after, the trial on the merits. Where the issue of coverage is raised by the carrier and a separate trial is granted on this issue, a question arises as to whether the provisions of Fla. Stat. § 627.0127, F.S.A., relating to attorneys' fees in an action on an insurance policy, are applicable. This question is not before us in the case sub judice."
This indicates to us that while the statute may come into play in a separate proceeding to determine coverage, it is not applicable in the direct action on the merits to determine liability. This is in line with the purpose of the statute as expressed by our Supreme Court. See also Insurance Company of North America v. Welch, Fla.App. 1972, 266 So.2d 164.
The question of whether or not the provisions of the statute would be applicable in a separate action to determine coverage is not before this Court, and we make no ruling thereon.
For the reasons stated, the final order appealed from is 
Affirmed.
HOBSON and MANN, JJ., concur.