PER CURIAM.
This is an appeal by Van Buskirk, plaintiff below, and Watsky, defendant and third party plaintiff below, from a final judgment entered in their favor and against Southern American Fire Insurance Company, defendant, and Cambridge Mutual-Fire Insurance Company, third party defendant. The sole point involved is the trial court’s denial of Van Buskirk’s and Watsky’s claim for attorney’s fees under Section 627.0127, F.S. (now Section 627.-428, F.S.1971, F.S.A.).
The trial court’s denial of attorney’s fees was predicated upon the prevailing decision in Southern American F. Ins. Co. v. All Ways Rel. Bldg. Main., Fla.App.1971, 251 So.2d 11, construing the application of Section 627.0127. Subsequent to the entry of the final judgment and during the pend- *214 ency of this appeal the Supreme Court of Florida quashed the aforementioned decision and reinstated the award of attorney’s fees. All Ways Reliable Building Maintenance, Inc. v. Moore, Fla.1972, 261 So.2d 131. Based upon our review of the facts in the case sub judice we are of the opinion that the decision in All Ways Reliable Building Maintenance, Inc. v. Moore, supra, is controlling with respect to the appellants’ entitlement to attorney’s fees.[1]
Accordingly, that portion of the final judgment relating to attorney’s fees is reversed and the cause remanded to the trial court for further proceedings not inconsistent with this opinion.
Reversed and remanded.
REED, C. J., OWEN and MAGER, JJ., concur.

. A recital of the facts is unnecessary to the disposition of this appeal. We would observe, however, that AVatsky as a named beneficiary under a policy of insurance issued by Southern is entitled to recover attorney’s fees under the clear language of Section G27.0127 irrespective of the decision of the Supreme Court in All Ways Reliable Building Maintenance, Inc. v. Moore, Fla.1972, 261 So.2d 131.