278 So.2d 1 (1973)
John WILDER, Petitioner,
v.
Gladys Williams WRIGHT and Colonial Penn Insurance Company, a Corporation, Respondents.
No. 43158.
Supreme Court of Florida.
May 2, 1973.
Rehearing Denied June 15, 1973.
George F. Wilsey, Fisher & Wilsey, St. Petersburg, for petitioner.
Stephen F. Myers, Shackleford, Farrior, Stallings & Evans, Tampa, for respondents.
*2 ROBERTS, Justice.
This cause is before us on petition for writ of certiorari, buttressed by the District Court's certificate that in disposing of the case it had passed upon a question of great public interest. We have jurisdiction under Art. V., Section 3(b) (3), Florida Constitution, F.S.A.
An automobile collision occurred between a vehicle operated by petitioner and one by respondent, with both parties sustaining severe injuries. Petitioner filed suit against respondent and her insurance carrier to recover for injuries caused by respondent's alleged negligence in operating her vehicle. The insurance company did not deny the insurance coverage. Verdict was in favor of petitioner and against respondent and her insurance carrier.
In his complaint petitioner had alleged the existence of respondent's liability insurance policy written by Colonial Penn and claimed recovery from the carrier for an attorney's fee for petitioner's attorney based upon F.S. § 627.428 F.S.A. At the trial, petitioner filed his Motion to Tax Costs and for allowance of Attorney's fees. The amount of costs was stipulated and the parties also stipulated to the sum of $2,000.00 as being a reasonable fee for petitioner's attorney, contingent upon the Court thereafter allowing such fees as a matter of law. Thereafter, the Court rendered judgment on the jury verdict but denied petitioner's motion for allowance of attorney's fees, holding that F.S. Section 627.428 F.S.A. was not applicable to the situation involved, whereupon the petitioner appealed to the District Court. The only point before that Court was whether or not, under § 627.428 and the above stated facts, petitioner was entitled to allowance of attorney's fees. The District Court, 269 So.2d 434, agreed with the trial court and affirmed.
F.S. Section 627.428 F.S.A. reads as follows:
"(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court, or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court, shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had." (Emphasis supplied.)
The controlling question presented as stated by the District Court and certified to this court is:
Is a successful tort claimant entitled to attorney's fees under F.S. § 627.428, F.S.A. (formerly § 627.0127 F.S.) in a direct action on the issue of liability against the tort-feasor and her insurance carrier where the question of liability coverage is not an issue?
This is a case of first impression in Florida, and for its resolution we must return to the basic principles set forth by this court in Shingleton v. Bussey, 223 So.2d 713 (Fla. 1969), and subsequent cases.
Petitioner's basic argument is that the third party beneficiary rationale of Shingleton v. Bussey, supra, makes him a "named beneficiary" under § 627.428, Fla. Stat., F.S.A., and thus entitles him to attorney's fees in the initial action on the issue of liability. We disagree.
Petitioner cites Travelers Insurance Co. v. Tallahassee Bank & Trust Co., 133 So.2d 463 (1st DCA Fla. 1961), Johnson v. Atlantic National Insurance Co., 163 So.2d 340 (3rd DCA Fla. 1964) and Thompson v. Commercial Union Insurance Company of New York, 250 So.2d 259 (Fla. 1971) in support of his position. However, the District Court correctly explained why those cases are inapplicable to the present situation. In each case the third party seeking attorney's fees was "standing in the shoes" of the insured under the policy. In that context, the claim was made in the name of the insured, not directly in the name of the third party. Here, the petitioner is admittedly *3 seeking attorney's fees in his own right, claiming the statute as authority. There appeared to be no controversy between the insured and the insurance company.
It is clear to us that § 627.428, Fla. Stat., F.S.A., was intended to govern the relationship between the contracting parties to the insurance policy. While the injured party may become a third party beneficiary under the policy, as stated in Shingleton v. Bussey, supra, that third party may not automatically invoke all the provisions of the contract or statutes governing the rights and responsibilities flowing between insurer and insured.
Our decision in Shingleton v. Bussey extended the third party beneficiary doctrine to the insurance contract as it provides for the payment of damages for injuries for which the insured is liable. That decision cannot be read to allow the injured party to enforce any and every provision of law or of the insurance contract.
For example, the common provision in most policies requiring the insurance carrier to provide counsel for the insured in the event of a suit cannot be said to inure to the benefit of the injured third party. If the insurance carrier and the insured chose to ignore that provision, thereby allowing the insured to hire and use his own counsel to the exclusion of the carrier's counsel, the injured third party could not insist on the enforcement of that provision.
Likewise, the attorney fee provision of § 627.428 was not intended to benefit the party injured by the insured automobile, but as stated by the District Court:
"The purpose of the statute is to discourage contesting of valid claims of insureds against insurance companies ... . and to reimburse successful insureds reasonably for their outlays for attorney's fees when they are compelled to defend or to sue to enforce their contracts... ."
Accordingly, we approve the decision of the District Court of Appeal and the writ of certiorari heretofore issued is hereby
Discharged.
CARLTON, C.J., and McCAIN and DEKLE, JJ., concur.
ERVIN, J., dissents with Opinion.
ERVIN, Justice (dissenting):
The majority opinion ignores the inescapable nature of automobile liability insurance coverage. A motor vehicle liability policy written in conformity with the provisions of the Financial Responsibility Law, F.S. Ch. 324, F.S.A., inures to the direct benefit of a member of the public injured by the negligent operation of the motor vehicle covered by the policy. For all practical purposes such an injured person is the actual named or indicated beneficiary of a motor vehicle liability policy.
F.S. Section 324.011, F.S.A., indicates the primary purpose of the Financial Responsibility Law is to
"provide financial security by such owners and operators [of motor vehicles] whose responsibility it is to recompense others for injury to person or property caused by the operation of a motor vehicle, so it is required herein that the owner and operator of a motor vehicle involved in an accident shall respond for such damages and show proof of financial ability to respond for damages in future accidents as a requisite to his future exercise of such privileges." (Emphasis supplied.)
F.S. Section 324.151, F.S.A., makes it quite plain that a motor vehicle liability policy is issued to benefit members of the public injured personally or property-wise by the owner or operator of the motor vehicle covered by the policy to the extent of certain monetary limits prescribed in F.S. Section 324.021(7), F.S.A.
The plain facts of life are that injured members of the public are the actual beneficiaries *4 of automobile liability policies and to recover their losses are often compelled, as the real parties in interest plaintiffs, to sue the automobile liability carrier. This has long been recognized by case law in Florida as hereinafter indicated.
In Johnson v. Atlantic National Insurance Company (Fla.App.), 163 So.2d 340, the Third District Court expressly holds tort claimants "are clearly the beneficiaries of automobile liability policies." They incur attorney's fees as a result of their necessity to sue on such policies.
It is common knowledge that the motor vehicle liability carrier is the real party in interest defendant who defends the suit. See Bussey v. Shingleton (Fla.App.1st), 211 So.2d 593; Shingleton v. Bussey (Fla. 1969), 223 So.2d 713, and In re Rules Governing Conduct of Attorneys in Florida (Fla.), 220 So.2d 6. The majority ignores the rationale of Shingleton v. Bussey, supra, and gives no logical reason for discriminating against the successful plaintiff and denying him attorney's fees as authorized by F.S. Section 627.428, F.S.A.
There can be only one judgment recovery against a carrier upon a loss due to the negligent operation of a motor vehicle covered by an automobile liability policy. When that judgment is recovered against the carrier by the injured plaintiff an attorney's fee is intended by the statute to be paid by carrier, regardless of whether the plaintiff suing is either the party purchasing the insurance or his injured beneficiary.
In the great majority of suits on automobile liability policies the issue is not that of coverage, but whether there was negligent operation on the part of the owner or operator of the insured motor vehicle. To attempt to relegate recovery of attorney's fees only to cases where the issue of coverage is in controversy is a strained and narrow distinction wholly outside the language of F.S. Section 627.428, F.S.A., and involves only a miniscule number of cases. The carrier ordinarily defends against the issue of negligence and when it loses the statute requires it to pay an attorney's fee.
There is no magic in the words, "named beneficiary." To be such, the party entitled to sue on automobile liability policies does not have to be a "named insured" or "named beneficiary" in the policy itself. The beneficiary can very well be indicated in the general language of the policy or by the language of the governing statutes or by implication of law. See Travelers Insurance Co. v. Tallahassee Bank and Trust Company, 133 So.2d 463 (Fla.App. 1961); Johnson v. Atlantic National Insurance Co., 163 So.2d 340 (Fla.App. 1964), and All Ways Reliable Building Maintenance, Inc. v. Moore, 261 So.2d 131 (Fla. 1962).
The language in the majority opinion to the effect there was no controversy between the insured and insurer begs the question. The dictum that Section 627.428 only relates to the contracting parties to the policy clearly ignores the reality that automobile insurance under Financial Responsibility is to benefit the injured party.
The contention in the majority opinion that Section 627.428 was not intended to benefit the injured party who is entitled to sue carrier completely ignores the fact that under the Financial Responsibility statute the contract of insurance was secured for the benefit of the injured party. Such party has the right to sue thereon and as a consequence has the benefit of Section 627.428, allowing attorney's fees if he recovers a judgment.
The decision reached by the majority is indeed a marked departure from the common understanding long followed in this state that the statute is intended to discourage denial or delay of settling insurance claims; that when the carrier is unsuccessful in defending against the claim the party suing as beneficiary shall recover attorney's fees. See Continental Casualty Co. v. Gold (Fla.), 194 So.2d 272, and cases cited therein.