381 So.2d 320 (1980)
VERMONT MUTUAL INSURANCE COMPANY, Appellant,
v.
Mary E. BOLDING and Heritage Federal Savings and Loan Association, Appellees.
No. 00-383/T1-134.
District Court of Appeal of Florida, Fifth District.
March 19, 1980.
*321 William Parsons and Cliff B. Gosney, Jr., of Gosney, Cameron, Parsons & Marriott, P.A., Daytona Beach, for appellant.
David Monaco and J. Lester Kaney of Cobb, Cole, McCoy, Abraham, Bell, Bond, Monaco & Kaney, Daytona Beach, for appellee, Heritage Federal Sav. and Loan Assn.
Raymond A. Haas and J. Richard Boehm of Haas, Boehm & Brown, P.A., Daytona Beach, for appellee, Mary E. Bolding.
DAUKSCH, Chief Judge.
This matter began when Christopher King's home burned and he settled with the insurance company for the fire loss and attempted to cheat the mortgagees out of their entitlements to the insurance proceeds by forging their names on the settlement draft. A contest later developed between the insurance company and the mortgagees as to the amount required to repair the fire damage and the mortgagees filed suit to collect from the insurance company under the policy.
The question in the appeal is whether an order awarding attorneys' fees under section 627.428(1), Florida Statutes (1979),[1] was proper when the recipients of the fees were the attorneys for mortgagees under the homeowner's policy. In order for the mortgagees to be awarded attorneys' fees properly, it must first be shown the judgment was "against an insurer" and "in favor of an insured or the named beneficiary" under the policy. There is no dispute as to the fact the judgment was against an insurer; the appellant issued the insurance policy.
The dispute is whether the mortgagees, who were named in the policy and an endorsement as mortgagees, are defined as either "an insured" or "the named beneficiary." In our opinion, the trial judge ruled correctly when he awarded attorneys fees to the mortgagees' attorneys and it is our determination this can be done because each of the mortgagees is to be deemed "an insured."
In the policy a mortgagee is not specifically defined as an "insured;" rather paragraph 8(a) of the policy contains the following definition:
`Insured' means
(1) the Named Insured stated in the Declarations of this policy;
(2) if residents of the Named Insured's household, his spouse, the relatives of either, and any other person under the age of twenty-one in the care of any Insured; and

*322 (3) under Coverage E  Personal Liability and Coverage F  Medical Payments to Others:
(a) with respect to animals or watercraft to which this insurance applies, owned by any Insured, any person or organization legally responsible therefor, except a person or organization using or having custody or possession of any such animal or watercraft in the course of his business or without the permission of the owner; and
(b) with respect to any vehicle to which this insurance applies, any employee of any Insured while engaged in the employment of the Insured.
Nor is a mortgagee defined as a beneficiary because there are no beneficiaries mentioned in the policy, as they might be in a life insurance policy. However, the policy does define the rights and obligations of a mortgagee in two places; first by saying:
Mortgagee Interests and obligations. If loss hereunder is made payable, in whole or in part, to a designated mortgagee not named herein as the insured, such interest in this policy may be cancelled by giving to such mortgagee a ten days' written notice of cancellation.
If the insured fails to render proof of loss such mortgagee, upon notice, shall render proof of loss in the form herein specified within sixty (60) days thereafter and shall be subject to the provisions hereof relating to appraisal and time of payment and of bringing suit. If this Company shall claim that no liability existed as to the mortgagor or owner, it shall, to the extent of payment of loss to the mortgagee, be subrogated to all the mortgagee's rights of recovery, but without impairing mortgagee's right to sue; or it may pay off the mortgage debt and require an assignment thereof and of the mortgage. Other provisions relating to the interests and obligations of such mortgagee may be added herein by agreement in writing.
and second by saying:
Mortgage Clause  Coverages A and B only: (This entire clause is void unless name of mortgagee [or trustee] is inserted in the Declarations):
Loss, if any, under this policy, shall be payable to the mortgagee (or trustee), named on the first page of this policy, as interest may appear, under all present or future mortgages upon the property herein described in which the aforesaid may have an interest as mortgagee (or trustee), in order of precedence of said mortgages, and this insurance as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or negliect of the mortgagor or owner of the within described property, not by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same.
Provided also, that the mortgagee (or trustee) shall notify this Company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee) and, unless permitted by this policy, it shall be noted thereon and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof, otherwise this policy shall be null and void.
This Company reserves the right to cancel this policy at any time as provided by its terms but in such case this policy shall continue in force for the benefit only of the mortgagee (or trustee) for ten days after notice to the mortgagee (or trustee) of such cancellation and shall then cease, and this Company shall have the right, on like notice to cancel this agreement.
Whenever this Company shall pay the mortgagee (or trustee) any sum for loss under this policy, and shall claim that, as to the mortgagor or owner, no liability therefor existed, this Company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the *323 party to whom such payment shall be made, under all securities held as collateral to the mortgage debt; or may at its option pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage, with interest accrued and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of said mortgagee's (or trustee's) claim.
Under the facts of this case it was necessary for the mortgagees to file a lawsuit against the insurer. The judgment was against the insurer. The Legislature, by enacting section 627.428, Florida Statutes, deemed it advisable, in derogation of the common law, to allow an insured an attorney's fee for having to sue the company. As our Supreme Court said in Roberts v. Carter, 350 So.2d 78 (Fla. 1977), the "statutes allowing for the award of such fees should be strictly construed;" Id. at 78-79; and as our Supreme Court said in Wilder v. Wright, 278 So.2d 1 (Fla. 1973), quoting the appellate court on the same case:
The purpose of the statute is to discourage contesting of valid claims of insured against insurance companies ... . and to reimburse successful insureds reasonably for their outlays for attorney's fees when they are compelled to defend or to sue to enforce their contracts ...
Id. at 3.
It is our interpretation of the statute and the policy provisions that this policy protects the mortgagees, and that the word "insured" in the statute includes the mortgagees because, to the extent of their risk of loss, the mortgagees recover before the named insured. The coverage for the mortgagees was sought by and agreed to by the named insured, Christopher King, and was most likely a requirement of the mortgages themselves. Since the real party in interest was the mortgagees and the proceeds were first payable to them, we have reached our conclusion in harmony with Roberts v. Carter, 350 So.2d 78 (Fla. 1977); All Ways Reliable Building Maintenance, Inc. v. Moore, 261 So.2d 131 (Fla. 1972); and Travelers Insurance Co. v. Tallahassee Bank and Trust Co., 133 So.2d 463 (Fla. 1st DCA 1961), cert. denied 138 So.2d 332 (Fla. 1962).
AFFIRMED.
UPCHURCH, J., concurs.
CROSS, J., concurs only in conclusion.
NOTES
[1] Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court, or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court, shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.