O’CONNELL, Justice.
The appellant contends, upon this appeal from a verdict and judgment of conviction for the crime of abortion, that the court below committed reversible error in striking certain testimony elicited by her counsel from the chief prosecuting witness with the aid of a transcript of a previous interview by counsel with such witness. The propriety of referring to such document in framing questions for the purpose of impeachment, and counsel’s right to refuse to surrender same to his adversary for use in redirect examination, has been settled and determined by a prior adjudication of this Court in an appeal from a contempt order against defense counsel in this cause. Whitaker v. Blackburn, Fla., 74 So.2d 794.
In view of the latter ruling, and the conceded fact that the testimony stricken had a direct bearing upon the credibility of the witness and upon appellant’s defense in general, it would appear that the action of the court below was highly prejudicial, requiring reversal of the judgment and sentence against appellant, and that the cause be remanded for a new trial. The argument by the State, addressed to the soundness of the decision in the above cited case of Whitaker v. Blackburn, and its alleged conflict with the conclusion of the Court in Williams v. State, Fla., 74 So.2d 797, released simultaneously, is not well taken. The opinion in the latter case shows clearly that the ruling, to the-'effect that the document there in question must be produced upon demand for inspection by opposing counsel, was expressly predicated on the nature of the particular extrajudicial statement involved as a declaration against in *630 terest governed by the rules applicable to confessions, and the fact that if such'statements could be so used “the safeguards which have been built around the process of introducing extrajudicial.confessions in evidence could be circumvented by their purported use solely for impeachment.” Williams v. State, supra, 74 So.2d at page 800. No such circumstance requires that the transcript of memoranda in this case, used only by counsel in framing inquiries' or cross, should be classed separately from any notes of counsel which may be made and kept privately in preparing for and conducting a' trial, under the rule adopted in the Whitaker case.
In1 view of the conclusion which we have reached on the first question it is unnecessary to consider the other question raised.
For the reasons above stated, this cause is reversed and remanded for a new trial.
DREW, C. J., and THOMAS and ROBERTS, JJ., concur.