260 So.2d 229 (1972)
Norman G. WELBORN, Appellant,
v.
AMERICAN LIBERTY INSURANCE COMPANY, a Corporation Authorized to Do Business in the State of Florida, and John Joseph Hachey, Appellees.
No. O-398.
District Court of Appeal of Florida, First District.
March 28, 1972.
Rehearing Denied April 25, 1972.
*230 Anthony I. Provitola, and Daniel R. Vaughen, of Provitola, Vaughen & McDermott, DeLand, for appellant.
R. Michael Hutcheson, of Gosney, Hutcheson & Haas, Daytona Beach, for appellees.
WIGGINTON, Judge.
Appellant, who was plaintiff in the trial court, seeks reversal of a final judgment based upon a jury verdict rendered in his favor for damages sustained in an automobile collision in Volusia County. The point on appeal involves the right of a plaintiff who has been injured through the negligent operation of a motor vehicle to maintain a direct action against the defendant operator's liability insurance carrier for the latter's failure to settle the injured person's claim within policy limits when the offer of such settlement is made.
Appellant was riding as a passenger in a motor vehicle when it was struck by a vehicle owned and operated by John Joseph Hachey. Suit for the damages suffered by appellant was brought against Hachey in which his liability insurance carrier, American Liberty Insurance Company, was joined as a party defendant. Several offers of settlement made by the insurance company to plaintiff prior to trial were rejected. After the trial commenced and plaintiff had concluded his case in chief, he filed in the cause a written offer to settle the amount of damages claimed by him within the $10,000.00 limits of the liability insurance policy issued by the defendant insurance company. This offer was rejected, whereupon appellant tendered for filing in the cause an amendment to his complaint by which he alleged that he had offered to settle his claim for damages for an amount within the financial limits of the insurance policy issued by American Liberty to the defendant Hachey; that although the insurance company was in full possession of all the facts of the case, it nevertheless rejected the offer of settlement thereby violating its obligations to the insured to protect him from an excess judgment in the event the amount of the verdict rendered in the case exceeded the policy limits; and that as a result of such rejection, the insurance company had breached its obligations both to its insured and to the plaintiff. Appellant's motion to file the proffered amendment to the complaint *231 was denied by the court, and the trial proceeded to a final conclusion.
Upon consideration of the evidence adduced, the jury returned a verdict in favor of appellant in the sum of $25,000.00. Appellant thereupon filed in the cause his motion for final judgment against American Liberty for the full amount of the verdict.
By the final judgment rendered herein the trial court made several findings as a predicate for its ultimate conclusion. The court first found that the question of liability of the defendant insurance company to pay the full amount of the judgment in excess of its policy limits was a question of law properly to be determined by the court at the hearing on plaintiff's motion for final judgment; that the issue to be determined was whether the insurer exercised good faith in failing to settle the plaintiff's claim against its insured within policy limits; and that the burden of showing a lack of good faith on the part of the insurer rested upon the plaintiff. The court thereupon found and concluded that the defendant insurance company had exercised good faith in its refusal to settle the plaintiff's claim against its insured within policy limits and therefore was liable only for the amount provided by the policy. Judgment was thereupon rendered in favor of plaintiff and against defendant Hachey in the full sum of $25,000.00 as awarded by the jury, and against the defendant insurance company in the sum of $10,000.00 as the limit of its liability under its policy.
By his brief appellant contends that the trial court erred in its refusal to hold that the defendant insurance company was strictly liable to him for the full amount awarded by the jury's verdict upon the bare showing that after being apprised of all facts relating to the issue of liability, it nevertheless rejected plaintiff's settlement offer. Appellant further contends that the trial court erred in holding that the burden of proof rested upon him to show a lack of good faith on the part of the insurer in its conduct of the settlement negotiations. Appellant also asserts that the trial court erred in denying his motion to file an amendment to his complaint at the conclusion of his evidence so as to raise the issue of the insurer's liability for the excess verdict because of its rejection of his settlement offer.
It has long been the law of this state that a liability insurance carrier owes an obligation to honestly and fairly negotiate the settlement of claims against its insured within the financial limits of the policy issued by it. As pronounced by our Supreme Court in Auto Mutual Indemnity Company v. Shaw:
"* * * The prevailing rule seems to be, however, that the insurer must act in good faith toward the assured in its effort to negotiate a settlement. This the defendant concedes, in complete accord with the holding in the Cooper Case [American Mut. Liability Ins. Co. v. Cooper, 5 Cir., 61 F.2d 446], supra, that `the insurer cannot escape liability by acting upon what it considers to be for its own interest alone, but it must also appear that it acted in good faith and dealt fairly with the insured. * * * This relationship imposes upon the insurer the duty, not under the terms of the contract strictly speaking, but because of and flowing from it, to act honestly and in good faith toward the insured' considering that the action below cannot be sustained either upon the theory of negligence or of implied contract, but that it may be supported upon the allegations of bad faith exercised in the settlement negotiations by the defendant to the plaintiff. * * *"[1]
Appellant concedes that the early decisions rendered by the courts of Florida require proof of fraud or bad faith on the part of the insurer in refusing to negotiate a settlement of the plaintiff's claim against *232 the insured within policy limits before recovery may be had against the insurer. Appellant urges, however, that the theory of liability based upon bad faith is now outmoded and that the new spirit and intent of the decisions of our appellate courts on this subject have created a concept of strict liability against the insurer regardless of bad faith. In other words, it is appellant's position that if an injured plaintiff offers to settle his claim against the defendant insured for an amount within the limits of the liability insurance policy issued by the defendant's insurance carrier, which offer is refused by the insurer, then the latter must be held liable for any verdict rendered by the jury in excess of the policy limits regardless of whether rejection of the offer of settlement was made in good faith. In support of this position appellant relies upon the decisions rendered by the Supreme Court in Shingleton v. Bussey[2] and Beta Eta House Corporation v. Gregory.[3] Appellant also relies on the per curiam decision rendered by the Fourth District Court of Appeal in National Indemnity Company v. Donald.[4] Our review of the decisions on which appellant relies fails to lead us to the conclusion reached by him on the principle of law which he espouses. Neither Shingleton nor Beta Eta House Corporation involved the right of an injured plaintiff or an insured under an automobile liability insurance policy to assert a cause of action against a liability insurance carrier for an excess judgment above policy limits. The National Indemnity Company case was decided by a per curiam decision without an opinion. A reading of the dissent filed in that case, however, clearly leads us to the conclusion that the cause of action sued upon there was based upon the negligence or bad faith of the liability insurance carrier in refusing to negotiate a settlement of the plaintiff's claim within policy limits. The only authority to which reference is made by appellant which tends to support his position is a Law Review article written by a law student and a decision rendered by the Supreme Court of California. We do not consider these authorities a sufficient basis for receding from the principle of law so well established in this state which requires that the cause of action be supported by a showing of bad faith or fraud on the part of the insurer, and substituting in its place a new concept of strict liability regardless of fraud or bad faith.
Appellant's contention that the trial court erred in denying his motion for leave to file an amendment to his complaint at the close of his evidence during the trial is without merit.
The proposed amendment was based upon the theory of strict liability, for the support of which we find no legal authority in this state. Since the proffered amendment did not state a cause of action under the principles of law recognized by the courts of Florida, the trial court was correct in rejecting it.
It is true that the trial court proceeded by its final judgment to adjudicate the issue of whether defendant insurance carrier acted in good faith in rejecting plaintiff's offer of settlement within policy limits when no such issue was before the court for adjudication either on pleadings or proof adduced during the trial. Such error in itself is harmless. The court would have been authorized to adjudicate this issue only after it had been raised by proper pleadings and a trial had thereon. Then and only then would the court have been authorized to adjudicate the issue and resolve it in favor of the prevailing party. *233 As said by the Supreme Court in Beta Eta House Corporation, supra:
"The separate trial is not necessarily limited to the issue of coverage. The question of whether or not the carrier exercised good faith in the settlement of a claim against the insured could also be determined by a separate trial after the determination of the case on the merits."[5]
The court's purported adjudication of the issue of good faith exercised by the insurer in settlement negotiations was a meaningless gesture without prejudice or benefit to either of the parties.
For the foregoing reasons, the judgment appealed herein is affirmed.
SPECTOR, C.J., and JOHNSON, J., concur.
NOTES
[1] Auto Mutual Indemnity Co. v. Shaw, 134 Fla. 815, 184 So. 852, 859 (1938); see also Canal Insurance Company v. Sturgis, (Fla.App. 1959) 114 So.2d 469; American Fire and Casualty Company v. Davis, (Fla.App. 1962) 146 So.2d 615.
[2] Shingleton v. Bussey (Fla. 1969), 223 So.2d 713.
[3] Beta Eta House Corporation, Inc. v. Gregory (Fla. 1970), 237 So.2d 163.
[4] National Indemnity Company v. Donald (Fla.App. 1969), 229 So.2d 900.
[5] Supra note 3, 237 So.2d at 165. See also Thompson v. Commercial Union Ins. Co. of New York (Fla. 1971), 250 So.2d 259.