CARROLL, DONALD K., Judge.
The plaintiffs in an action for rescission of a joint venture agreement have appealed from a judgment based upon a directed verdict for the defendants, and dismissing the cause with prejudice, entered by the Circuit Court for Okaloosa County.
The basis question presented for our determination in this appeal is whether the trial court properly directed the said verdict, in view of the evidence of the defendants’ concealment of the facts regarding the loss of the joint venture’s sole property, a motel.
The record shows the following facts:
The said joint venture agreement between the plaintiffs and defendants, dated October 1, 1968, was for the purchase of the Fort Walton Motel, providing that the defendants would have complete authority to manage, sell, or mortgage the subject *632 property and that they would be liable only for willful misfeasance and bad faith The lease on the property in question was subject to a purchase money mortgage in the amount of $430,000.
On March 12, 1971, the plaintiffs demanded the return of their investment, and a week later demanded an accounting, but the defendants did not respond to these demands.
On April 13, 1971, the motel property was ordered to be sold in a judgment of foreclosure, of which the plaintiffs had no knowledge. The foreclosure action was not defended, and the defendants did not notify the plaintiffs of the foreclosure action until August 3, 1971.
On May 28, 1971, the plaintiffs, not yet knowing of the foreclosure, filed their original action and then an amended complaint seeking damages. The trial court dismissed the amended complaint in an order appealed to this court, and we reversed the said order. See Lustig v. Feinberg, 257 So.2d 299 (Fla.App.1972).
The plaintiffs dropped their claim for damages and sought rescission of the joint venture agreement. The defendants then moved to dismiss the action, whereupon the trial court dismissed the action without requiring the defendants to go ahead.
The rules governing the direction of verdicts are well established. One of these is that such directions should be cautiously given, and another is that in considering such a motion all inferences of fact should be construed most strictly in favor of the non-movant.
We think that the defendants had a duty promptly to advise plaintiffs that the entire property involved in the agreement was sold and similarly the plaintiffs should have been notified concerning the foreclosure action. We think that this serious violation of the agreement justified its rescission, as sought by the plaintiffs.
For the foregoing reasons the judgment appealed from is reversed, and the cause is remanded with instructions for further proceedings consistent with the views here-inabove set forth.
Reversed and remanded with directions.
Opinion prepared by CARROLL, DONALD K., J., prior to his retirement.
RAWLS, C. J., and WIGGINTON, J., concur.