295 So.2d 694 (1974)
CENTRAL NATIONAL INSURANCE COMPANY, Appellant,
v.
Giraldo GONZALEZ, a Minor, by and through His Mother and Next Friend, Lilia Gonzalez and Lilia Gonzalez, Individually, Appellees.
Nos. 73-935, 73-1459, 73-1516.
District Court of Appeal of Florida, Third District.
June 11, 1974.
*695 Michael G. Martin, Daniel V. Ligman, Coral Gables, Jeanne Heyward, Miami, for appellant.
Hawkesworth, Kay & Schmick and Ronald P. Ponzoli, Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
HAVERFIELD, Judge.
Defendant-appellant in these consolidated appeals seeks review of (1) an adverse final judgment on the issue of coverage entered pursuant to a jury verdict, (2) an adverse final summary judgment awarding plaintiff-appellees damages and attorneys' fees, and (3) an amended adverse final summary judgment and order on attorneys' fees in favor of the plaintiffs.
Plaintiff-appellees filed the instant action against the defendant-appellant, Central National Insurance Company, to determine the issues of insurance coverage and damages. In their complaint, plaintiffs alleged that they had recovered a final judgment in the amount of $40,000 against Manuel Azpericueta as a result of injuries sustained in an automobile accident; that at the time of the accident, Azpericueta was insured by the defendant, Central National Insurance Company; that defendant company had denied coverage and refused to defend him or settle within the policy limits of $10,000; and that as a result of defendant insurer's breach of contract, negligence or bad faith, defendant-appellant is liable to plaintiffs for the entire amount of the judgment, costs and attorneys' fees. In response thereto, defendant insurance company filed an answer wherein it alleged that the policy of insurance issued to its insured Azpericueta provided coverage for liability arising out of the use of a nonowned vehicle; that the insured at the time of the subject accident was driving a vehicle which he owned and thereby *696 was not covered by the policy; and that Azpericueta was ably represented at trial. The cause proceeded to trial on the issue of coverage, at the conclusion of which the jury returned its verdict finding in favor of the plaintiffs on this issue and thereafter the court entered its final judgment thereon. Subsequently, plaintiffs moved for summary judgment on the issue of damages and attorneys' fees and argument was heard thereon. Thereafter, the judge entered summary final judgment and an amended summary final judgment in which he awarded $40,000 to plaintiffs on the issue of damages and a total of $8,500 in attorneys' fees, $5,500 thereof representing the work performed in this action to determine coverage and the remaining $3,000 thereof representing the services performed in plaintiff-appellees' suit against Manuel E. Azpericueta. Defendant insurer appeals from these judgments.
Appellant insurer first contends that the court erred in entering a final judgment for plaintiffs on the issue of coverage.
After a review of the record on appeal, we conclude that there was sufficient evidence presented to the jury to support its verdict and, therefore, we affirm the finding in favor of plaintiffs on the issue of coverage. See 2 Fla.Jur. Appeals § 345 (1963).
Appellant secondly contends that the court erred in holding the company liable to plaintiffs for the entire amount of the judgment in excess of the policy limits. We find some merit in this contention.
It is well established that in order to sustain a cause of action against a liability insurance carrier for an excess judgment above the policy limits, there must be a showing of bad faith or fraud on the part of the insurer. Welborn v. American Liberty Insurance Company, Fla. App. 1972, 260 So.2d 229 and cases cited therein. Like the issue of coverage, the issue of bad faith in the case sub judice also should be determined by the jury. Cf. Beta Eta House Corporation, Inc. of Tallahassee v. Gregory, Fla. 1970, 237 So.2d 163 at 165. Therefore, we reverse that portion of the final summary judgment awarding plaintiff-appellees $40,000 and remand with directions to hold a trial on the bad faith issue.
Defendant-appellant next argues that the trial court erred in holding plaintiffs were entitled to $3,000 in attorneys' fees for the services rendered in plaintiffs' lawsuit against Azpericueta. We find this point well taken.
It is established now that a successful tort claimant is not entitled to attorneys' fees under Fla. Stat. § 627.428, F.S.A. in a direct action on the issue of negligence against the tort-feasor and his (her) insurance carrier where the question of insurance liability coverage is not an issue. Wilder v. Wright, Fla. 1973, 278 So.2d 1. Accordingly, we reverse that portion of the amended final summary judgment awarding plaintiff $3,000 in attorneys' fees for their lawsuit against Azpericueta.
Last, appellant insurer alleges error in the award of $5,500 in attorneys' fees to plaintiffs for services performed in the instant action. We cannot agree.
In the present action involving the issue of insurance coverage, the plaintiffs are entitled to reasonable attorneys' fees pursuant to Fla. Stat. § 627.428, F.S.A. Cf. Johnson v. Atlantic National Insurance Company, Fla.App. 1964, 163 So.2d 340. Further, we find that the amount thereof is not excessive and thus, we affirm that part of the final amended summary judgment awarding $5,500 for attorneys' fees to the appellees.
Affirmed in part, reversed in part and remanded with directions.