338 So.2d 271 (1976)
Emmett REEDER, Individually and As Administrator of the Estate of T.A. Reeder, Deceased, Appellant,
v.
EDWARD M. CHADBOURNE, INC., and Mike Hunter, Inc., Appellees.
No. Z-43.
District Court of Appeal of Florida, First District.
October 26, 1976.
Rehearing Denied October 26, 1976.
*273 Ferrin C. Campbell, Sr., Crestview, for appellant.
Lynn C. Higby of Isler, Higby & Brown, Panama City, Robert D. Bell of Fisher, Hertz & Bell, Pensacola, for appellees.
LEE, THOMAS E., Associate Judge.
This appeal is from an adverse jury verdict for Defendants below against the Plaintiff, who had brought suit for the wrongful death of their minor son as a result of a single car accident. This case arises out of the repealed wrongful death act (F.S. 768.02).
The following constitutes pertinent material facts and circumstances surrounding the incident in question.
FACTUALLY, State Road 397 is a fourlane highway leading into Eglin Air Force Base. A person traveling north on 397 but not desiring to enter the air force base must turn right off 397, crossing over an overpass to the left before continuing north on State Road 85. At approximately 11:30 P.M., November 13, 1971, 20 year old T.A. Reeder, minor son of the appellant, turned off State Road 397 onto State Road 85. Reeder lost control of his automobile as he entered the curve before the overpass. His automobile made an arching sweep from the right side of the roadway across the lefthand lane onto the shoulder, turning sideways and sliding for 127 feet before it turned over four times, falling down an embankment and coming to rest in the median strip of the underlying State Road 397. Young Reeder was taken to Eglin Hospital where he died several hours later. Emmett Reeder, the father of the deceased filed wrongful death actions individually and as administrator of his son's estate against the appellees, alleging that they were negligent in not providing warnings, i.e., sign, barricades, guardrails, signal lights, reflectors, or any other safety precautions necessary to prevent injuries or accidents caused by the condition of the roadway and bridge under construction. Appellee Chadbourne was the prime contractor for the construction of the overpass on State Road 85. Appellee Hunter was a subcontractor responsible for erecting guardrails along the overpass. At the time of the accident the construction was complete except for the installation of guardrails, the completion of the sodding along the embankment, and road stripping.
Appellant presents four points on appeal. Appellant's first point on appeal is that the court erred in denying the appellant's motion for a directed verdict on the ground that the appellees, or either of them, were negligent as a matter of law. In order for a directed verdict to be given by the court, there must be an absence of conflicting evidence, see e.g., Hartnett v. Fowler, Fla., 94 So.2d 724 (1957). In granting a directed verdict a court will encroach upon the constitutional guarantee of jury trial only if there is no substantial evidence to justify a decision contrary to the directed verdict. Citizens and Peoples National Bank v. Louisville and N.R. Co., 80 Fla. 319, 85 So. 916 (1920); see also, Security Underwriting Consultants, Inc. v. Collins, Tuttle Investment Corporation, Fla.App., 173 So.2d 752 (1965). This point is especially true when the court is confronted with a negligence case, Brookbank v. Mathieu, Fla. App., 152 So.2d 526 (1963). Furthermore, all inferences of fact must be construed in favor of the nonmoving party, see e.g., Lustig v. Feinberg, Fla.App., 285 So.2d 631 (1973). Applying these cases to the facts of the case before us shows that there was substantial conflicting testimony as to whether the lights and signs required to be posted by the defendants below were present at the accident scene. Such a conflict of fact is solely within the province of the jury both in regard to violation of statutory *274 regulations and the conclusions reasonable men may draw from the same evidence. Construing the conflicting testimony and facts most strictly for appellees, there is no reversible error present which would uphold this point on appeal.
Appellant's second point on appeal states that the court erred in granting each appellee six peremptory challenges and the appellant twelve. In determining the number of challenges a presumption of correctness must be indulged by the reviewing court, Crosby v. State, 90 Fla. 381, 106 So. 741 (1925). Each side may be restricted to three challenges only if a party upon the same side of the action appears not to have an interest hostile or antagonistic to his co-party, see Parish v. Spence, Fla.App., 149 So.2d 58, reh. den. (1963). In the case before us Chadbourne, Inc. and Hunter were clearly antagonistic in their interests and were therefore entitled to three challenges each of a total of six challenges for each side.
Furthermore, appellant Reeder had two distinct causes of action, one under the common law in tort and another under the old wrongful death statutes, F.S. 768.02 and F.S. 46.021 (1971). While both actions grew out of the same incident they were at the time of the accident separate causes of action and the equivalent of two separate suits in law and thus entitled each side to six challenges per suit. Thus, even though the cases were tried together it does not alter the fact that a total of twelve challenges per side were called for.
Finally, even if the number of challenges allowed was in error it was harmless error. Judgments will not be reversed by reviewing courts unless prejudicial error is clearly demonstrated by the appellant, Soloman v. Hunt, Fla.App., 243 So.2d 185 (1971). Only material errors which reasonably could have caused injustice are reversible errors. Appellant's claimed bias in regard to the geographical location of the residences of members of the jury being primarily urban, while the appellant and his attorney were from a rural part of the county is unsupported by any objective evidence of bias. Consequently, the appellant has failed to demonstrate prejudice warranting reversal because of the number of challenges allowed in voir dire.
The third point on appeal is that the lower court erred in sustaining the defendant's objection to the testimony of H.T. Smith, an intended rebuttal witness for the plaintiff. In reviewing a jury verdict an appellate court is required to weigh all inferences, facts and testimony in the light most favorable to the appellee, Krasny v. Richter, Fla.App., 211 So.2d 612 (1968). The trial court refused to allow the testimony of H.T. Smith because of the claim of surprise by the defense attorneys and the disclosure by Smith that he thought he knew one of the jurors.
In regard to the allegation of surprise, defendants below had propounded interrogatories to appellant asking for the names of witnesses more than two years in advance of trial. Reliance has been placed in both the argument and brief, upon the holding in Passino v. Sanborn, Fla.App., 190 So.2d 61 (1966), that there is a duty to supplement the answers to interrogatories. While Passino was based upon sound legal reasoning by my learned colleague, Chief Judge Tyrie Boyer, that case has been superseded by F.R.C.P. 1.280(e) which provides there is no duty to supplement answers to interrogatories. For this reason, appellant had no duty to reveal the name of his rebuttal witness in the absence of a pre-trial conference such as was not held here. However, even though a claim of surprise is not applicable it still must be shown that there was prejudicial error committed in not allowing H.T. Smith to testify for appellants. To be prejudicial, the error must violate a basic right, such as the introduction of material evidence, Urga v. State, Fla., 85 So.2d 629 (1956).
Smith's proffered testimony was cumulative in nature and was no more important as rebuttal than the testimony of appellants prior witnesses, see Machin v. State, 213 So.2d 499 (1968). Even so, the *275 right to call a rebuttal witness should not be denied without good cause. Thus some sort of balancing test must be applied. In this case the possibility of substantial prejudice to appellee if a juror did know H.T. Smith must be balanced against the denial of the right to present the proffered testimony of appellant's rebuttal witness.
Several facts must be considered by the court. The testimony of Smith was solely cumulative and added nothing further to the position taken by previous witnesses presented by appellant. Smith was a long time friend of appellant Reeder and was not a completely disinterested witness. Finally, Smith also admitted to the possibility of knowing one of the members of the jury. Thus, there was no abuse of judicial discretion in the disallowance of Mr. Smith's testimony as the Court had before it the witness and his testimony, Grant v. Corbitt, Fla., 95 So.2d 25, 28; also found in Judicial Discretion (The Honorable Thomas E. Lee, Jr. and the Honorable Ben F. Overton eds. 1972), National College of the State Judiciary at 38. For all of these reasons the denial of H.T. Smith's testimony was not prejudicial error so as to constitute a reversal.
The appellant's fourth and final point on appeal is that the lower court erred in denying the plaintiff's requested charge No. 2. The argument presented by appellant fails in several respects. First, as stated to the jury, the court's charge properly covered the issues adduced at trial. Secondly, even if it didn't the failure to give a requested correct charge which states the law, Hill v. Sadler, Fla.App., 186 So.2d 52, reh. den. (1966) but whose substance is covered in other charges given, is not reversible error, Florida East Coast Railway Co. v. Lawler, Fla.App., 151 So.2d 852, reh. den. (1963). Furthermore, the charge given must be not only erroneous but "reasonably calculated to confuse or mislead" the jury, Clearwater v. McClury, Fla.App., 157 So.2d 545 (1963) and thus reasonably be harmful, Stiles v. Calvetto, Fla.App., 137 So.2d 17 (1962); Owca v. Zemzicki, Fla.App., 137 So.2d 876 (1962). The court's charge, we conclude, did not do so in this case.
For the foregoing reasons we agree there is no reversible error and therefore affirm.
AFFIRMED.
BOYER, C.J., concurs.
McCORD, J., dissents.
McCORD, Judge (dissenting).
I disagree that the error under point three was harmless and therefore dissent.