368 So.2d 923 (1979)
THUNDEREAL CORPORATION, a Corporation, and Master Hosts-Thunderbird, Inc., a Florida Corporation, As Partners of Thunderbird Associates, a Florida Partnership, D/B/a Thunderbird Motor Hotel, and Aetna Casualty and Surety Company, a Corporation, Appellants (Defendants),
v.
Ann Sothern STERLING, Appellee (Plaintiff).
No. FF-214.
District Court of Appeal of Florida, First District.
March 9, 1979.
Rehearing Denied April 11, 1979.
*925 William M. Howell of Howell, Howell, Liles & Braddock, Jacksonville, for appellants.
Thomas M. Baumer and Dana G. Bradford, II, of Mahoney, Hadlow & Adams, Jacksonville, for appellee.
MILLS, Acting Chief Judge.
Appellants seek reversal of a final judgment entered in favor of appellee following a jury trial in a personal injury action.
Their main contention is that the trial court erred in denying their motion for a directed verdict on the ground that the exclusive remedy for Sothern's injuries was provided by the Florida Workmen's Compensation Act. They also contend that the trial court erred in ruling that each side had six peremptory jury challenges, erred in making a number of adverse rulings on the *926 admissibility of testimony and evidence and erred in permitting prejudicial closing argument by Sothern's attorney.
Sothern alleges that while performing at the Thunderbird Dinner Theater as an independent contractor she was injured by Thunderbird's negligence and that Aetna provided Thunderbird with liability insurance coverage for the accident.
Thunderbird and Aetna deny Sothern's allegations and affirmatively allege that the exclusive remedy for Sothern's injuries was provided by the Florida Workmen's Compensation Act because compensation insurance had been provided for her under Section 440.04(2), Florida Statutes.
Sothern, an actress, was performing in a play at the Dinner Theater under a contract between Thunderbird and Sothern that provided that Sothern was to perform for four weeks commencing 11 August 1973.
Sothern acknowledges in the contract that she executed it as an independent contractor. The contract provides that the rules and regulations of Actors' Equity Association shall be applicable to the contract. Rule 32(A) of the Association states that "The manager agrees to obtain and maintain workmen's compensation insurance coverage for all actors in his employ." The contract was signed by the manager of Thunderbird and Sothern.
On 21 May 1973, when Thunderbird assumed the ownership of the Motel and the Dinner Theater went into operation, it procured a workmen's compensation insurance policy from Aetna, effective for one year. The policy covered the operation of "motels, motor courts, tourist courts or cabins."
Thunderbird's manager testified that he dealt with Aetna's agent in procuring the policy, had discussions with him concerning coverage and premiums, was familiar with how the premium was calculated and gave Aetna the projected budget for each department, including the actors and actresses. Anyone who was employed by Thunderbird was included in the policy, and they had discussions concerning the fact that the Dinner Theater employed outside actors and actresses. Outside actors and actresses were specifically considered and included in arriving at the premium. However, the manager also stated that he did not know the amount of the premium paid for the policy, how the premium was calculated and had no personal knowledge or business records to prove any of the facts concerning Thunderbird's application for coverage of Sothern.
Thunderbird and Aetna admit that Sothern is an independent contractor, thus, the issue before us is limited to whether her exclusive remedy is provided by Chapter 440, Florida Statutes.
An independent contractor is exempt from the provisions of Chapter 440. Section 440.02(2)(d)1, Florida Statutes (1973). Section 440.04(2), Florida Statutes (1973), permits an employer to waive the exemption, however, and provide workmen's compensation insurance for an independent contractor. In pertinent part, this Section provides:
"When any policy or contract of insurance specifically secures the benefits of this chapter to any person not included in the definition of `employee' or whose services are not included in the definition of `employment' or who is otherwise excluded or exempted from the operation of this chapter, the acceptance of such policy or contract of insurance by the insured and the writing of same by the carrier shall constitute a waiver of such exclusion or exemption and an acceptance of the provisions of this chapter with respect to such person... ."
Although Thunderbird's manager indicated it was his intention that Sothern be covered by Aetna's policy, the declarations section of the policy classifies the operations of Thunderbird as motels, motor courts, tourist courts or cabins. No reference is made to coverage of a dinner theater or its operations, to actors or actresses or to other dinner theater employees.
The policy was issued on an Aetna standard form on 21 May 1973. Sothern was not engaged to perform at the Dinner Theater until 18 July 1973, the date the contract *927 was executed. Neither the record nor the policy reflects an endorsement providing coverage for independent contractors, actors, actresses or Sothern.
Thunderbird's and Aetna's reliance on Allen v. Estate of Carman, 281 So.2d 317 (Fla. 1973), and Strickland v. Al Landers Dump Trucks, Inc., 170 So.2d 445 (Fla. 1965), is misplaced.
The Allen case did not involve an independent contractor. There was no dispute that the plaintiff was an employee of the defendant's decedent. The Supreme Court held in Allen that an employer could purchase a workmen's compensation insurance policy and avail himself of the Workmen's Compensation Act. There was no issue of whether the benefits had been specifically secured for the employee, because there was no dispute that a policy had been purchased, and that the policy had been purchased for the one individual working for him.
In the Strickland case, Strickland was an independent contractor, and he had notice of his coverage under the Workmen's Compensation Act, because he had actually paid the premiums for the insurance coverage by deductions from his earnings. The Supreme Court held that the insurance company could not deny that benefits had been specifically secured for Strickland after writing a policy and accepting his premiums.
The facts presented by this record show an ambiguous policy and conflicting testimony regarding workmen's compensation coverage for Sothern. Other facts which required the submission of this issue to the jury are discussed later in this opinion.
The direction of a verdict should be cautiously given and all inferences of fact should be construed most strictly in favor of the nonmovant. Lustig v. Feinberg, 285 So.2d 631 (Fla. 1st DCA 1973). The trial court properly denied Thunderbird's and Aetna's motion for a directed verdict and submitted the disputed fact of coverage to the jury.
At the request of Sothern and over the objection of Thunderbird and Aetna, the court ruled that each side would have six peremptory jury challenges. This was error because the three defendants had a community of interest which limited the peremptory challenges to three per side. But the error was harmless because Thunderbird and Aetna do not claim prejudice or that the jury was not impartial, and the record does not reflect prejudice or lack of impartiality. Bailey v. Deverick, 142 So.2d 775 (Fla. 2d DCA 1962).
Two witnesses, the former stage manager and the former technical director of the Dinner Theater, were called by Sothern, and over objection of Thunderbird and Aetna permitted to testify as adverse witnesses, although they were no longer employed by Thunderbird. This was error because the determination of whether a witness is an adverse witness is governed by his affiliation with the adverse party on the trial date. Direct Transport Co. of Fla. v. Rakaskas, 167 So.2d 623 (Fla. 3d DCA 1964). The error was harmless, however, because the testimony of the two witnesses was cumulative and concerned the issue of negligence which Thunderbird and Aetna have not raised by this appeal.
Sothern testified, over objection of Thunderbird and Aetna, that she did not know of or accept any workmen's compensation insurance policy. This was not error because the testimony related to issues raised by the pleadings and evidence adduced by Thunderbird and Aetna in support of their theory of the case. The issues were whether Sothern was an independent contractor or employee; whether the contract required Thunderbird to provide workmen's compensation coverage for Sothern; whether Thunderbird procured workmen's compensation coverage; and whether Section 440.04(2) was unconstitutional because it allowed an employer and carrier to unilaterally waive the common law right of action of an independent contractor against the employer without notice. The testimony elicited was relevant because the interpretation of the contract was in dispute, the policy *928 provisions were in dispute and coverage was in dispute.
Thunderbird and Aetna attempted to adduce the testimony of witness John Houser, an attorney for Aetna, the workmen's compensation carrier of Thunderbird, that although Sothern was an independent contractor, she was covered by the workmen's compensation policy under Florida law. His testimony was also proffered in rebuttal of and explanation of the Aetna inter-office communication introduced into evidence by Sothern and subsequently discussed in this opinion. The court sustained Sothern's objection to the testimony. Although the reason for rejecting the testimony was incorrect, the rejection was correct. We are only concerned that there is a valid basis for the rejection. There was.
"The trial court has the responsibility of correctly instructing the jury regarding the law which is applicable to the facts of the case." Starke v. Smith, 310 So.2d 334, 335 (Fla. 3d DCA 1975).
"Opinion testimony of expert lawyers upon legal questions, other than that as to the law of another jurisdiction, or expert or nonexpert opinion generally, that amounts to a conclusion of law, cannot be properly received in evidence, for the determination of such questions is exclusively within the province of the court." 31 Am.Jur.2d Expert and Opinion Evidence, § 69 (1967).
Likewise, the court properly excluded Houser's testimony explaining or interpreting Aetna's inter-office communication. Houser was not a party to the communication and it was not shown that he even received a copy of it. Houser's testimony was to show that Aetna's manager incorrectly or erroneously reached the conclusions stated in the inter-office communication. Not only would Houser's testimony have been based on hearsay but would have improperly invaded the province of the jury to decide the disputed facts and the authority of the court to instruct on the law.
The court correctly struck parts of the deposition testimony of Helene Tetrault because those parts were not competent to prove Thunderbird provided workmen's compensation coverage for Sothern.
Mrs. Tetrault was employed by Actors' Equity Association to handle compensation matters for its members. Sothern was a member. In this capacity, Mrs. Tetrault developed through third persons workmen's compensation information on Sothern. Mutual of Omaha provided disability benefits to members of the Association supplementary to workmen's compensation. Mrs. Tetrault stated that Mutual of Omaha did not pay benefits unless workmen's compensation paid benefits. Mrs. Tetrault developed information through third persons on Mutual of Omaha's payment of benefits to Sothern.
Mrs. Tetrault's testimony concerning workmen's compensation coverage was inadmissible hearsay. She was neither a party to the policy nor familiar with its contents. Likewise, this applies to her testimony concerning the policy of Mutual of Omaha which, in addition, was never produced. See Williams v. Johntry, 214 So.2d 62 (Fla. 1st DCA 1968), and Garrett v. Morris Kirschman & Co., Inc., 336 So.2d 566 (Fla. 1976).
Thunderbird and Aetna objected to the admissibility of an Aetna inter-office communication which questioned Aetna's payment of compensation because it appeared Sothern was an independent contractor and not an employee. The communication was properly received in evidence because it was relevant to the issue of coverage and was an admission against interest concerning this issue. Gard on Florida Evidence, Rule 197.
Thunderbird and Aetna objected to the admissibility of the answer they filed in the California workmen's compensation proceeding brought by Sothern arising out of the accident giving rise to this case. The answer denied that the workmen's compensation policy in controversy here provided coverage for Sothern and affirmatively alleged that she was not covered because she was an independent contractor. The answer was properly admitted in impeachment *929 of the position taken by Aetna through its witnesses and evidence during the trial of this case. Davidson v. Eddings, 262 So.2d 232 (Fla. 1st DCA 1972).
The court did not err in permitting Sothern, over objection of Thunderbird and Aetna, to read Dr. David Levinthal's deposition into evidence.
Thunderbird and Aetna noticed and took Dr. Levinthal's deposition in California. Their attorney limited his questions to matters occurring prior to the accident in question. Sothern's attorney examined Dr. Levinthal with respect to her medical history and treatment since the accident.
At trial, the entire deposition was offered on behalf of Sothern and Thunderbird and Aetna objected to all questions dealing with the treatment of Sothern subsequent to the accident in question, claiming that since they limited their examination of Dr. Levinthal to matters occurring prior to that time, any other testimony was beyond the scope of direct examination. The court overruled the objection.
The rule that a party may not cross-examine a witness on matters which were not brought out on direct examination is based upon the fact that the person offering a witness' testimony may not be required to vouch for the witness' credibility on matters he does not present.
A deposition offered at trial is different, however. The party noticing and taking the deposition does not make the deponent his witness. If another party uses the deposition at trial, he makes the deponent his witness, and vouches for and is bound by the witness' testimony. Florida Rule of Civil Procedure 1.330(c) provides in pertinent part:
"A party does not make a person his own witness for any purpose by taking his deposition. The introduction in evidence of the deposition or any part of it for any purpose other than that of contradicting or impeaching the deponent makes the deponent the witness of the party introducing the deposition... ."
Sothern introduced the deposition. Accordingly, Dr. Levinthal became her witness. Thunderbird and Aetna were not required to vouch for the credibility of any of the matters brought out in the doctor's testimony, therefore, their objection was properly overruled.
In his closing jury argument, Sothern's attorney said that Aetna had been pushing Sothern around for two or three years, and continued as follows:
"It's time for the day of reckoning, and it's time that this lady got what she is entitled to and not all this inconsistent positions that are being taken by Aetna, the great big insurance company that has got so many people  "
Thunderbird's and Aetna's attorney objected and moved for a mistrial. The court denied the motion for a mistrial and instructed Sothern's attorney to speak to matters appropriate for argument. The court had previously instructed the jury that the attorney's remarks were to be treated as argument, not as evidence. The denial of the motion was appropriate. Miami Coin-O-Wash, Inc. v. McGough, 195 So.2d 227 (Fla. 3d DCA 1967).
The attorney for Aetna had previously made his closing argument and discussed the benevolence of Aetna and the ease with which Sothern could apply for and receive maximum workmen's compensation benefits. The evidence showed that Aetna had personnel in three states working on this case from its inception to date of trial and it was still pending. In the context in which the remark was made, it was proper comment.
Jury arguments will not be considered grounds for a mistrial nor will they serve as a basis for reversing a judgment unless they are highly prejudicial and inflammatory. Metropolitan Dade County v. Dillon, 305 So.2d 36 (Fla. 3d DCA 1975). Under the circumstances here the remarks were not highly prejudicial or inflammatory. In fact, the attorney for Thunderbird and Aetna does not make such a contention. He refers to the remarks as "this was a *930 cheap shot", which is not a legal ground for reversal of a judgment.
The final judgment appealed is affirmed.
SMITH and ERVIN, JJ., concur.