PER CURIAM.
By this appeal we address the question of whether the trial court erred in entering a final judgment against appellant, First of Georgia, in the amount of $400,000 where *911 there was no finding of bad faith and where there was no offer made by the plaintiff to settle within the policy limits after it secured judgment against appellee, Dube. We have determined that it did so err, and, consequently, reverse and remand the cause to the trial court with directions.
The occurrence upon which the action is based involved the appellee, Dube, and another young man, Barnes, who through the alleged negligence of Dube suffered the loss of an eye. Initially it was an issue as to whether Dube was an insured under a homeowner’s policy of insurance issued to Dube’s parents by appellant, First of Georgia. Appellant stood firm on the question regarding certain exclusionary language used in the policy dealing with denial of liability on the basis that the accident was incident to a “business pursuit”, and, thus, outside the realm of coverage. First of Georgia declined to defend Dube prior to and after the time when Barnes filed suit. The action proceeded to trial against Dube only, and judgment was entered for the plaintiff Barnes;[1] subsequently, Dube filed against appellant for breach of contract, the trial court found against appellant and entered judgment for Dube in the amount of $400,000.
Appellant herein contends that its liability is limited to the amount recited in the policy, $25,000, and that where there is a refusal to defend, the insurer owes no more than policy limits unless: (1) bad faith is involved, or (2) the insurer refuses an offer to settle made after the original plaintiff has obtained a judgment against its insured. Since it is unrefutably agreed that neither of these situations has been asserted by appellee, we agree with appellant that it is liable for the policy limits only. See, Central National Insurance Company v. Gonzalez, 295 So.2d 694 (Fla. 3d DCA 1974) and St. Paul Fire and Marine Insurance Company v. Thomas, 273 So.2d 117 (Fla. 4th DCA 1973).
Reversed and remanded to the trial court with directions to vacate the final judgment and enter an amended final judgment.

. Incidentally, no demand for settlement was ever made upon appellant after entry of the judgment in favor of Barnes. Policy limits had been demanded of appellant by counsel for Barnes prior to the first suit.