424 So.2d 36 (1982)
William Bruce THOMAS, Appellant,
v.
LUMBERMENS MUTUAL CASUALTY COMPANY, Appellee.
No. 81-2727.
District Court of Appeal of Florida, Third District.
November 30, 1982.
Rehearing Denied January 14, 1983.
*37 Joe N. Unger, Miami, for appellant.
Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern and A.H. Toothman and John W. Wylie, Miami, for appellee.
Before HENDRY, BASKIN and FERGUSON, JJ.
HENDRY, Judge.
Appellant William Thomas, plaintiff below, appeals from a final judgment upon a jury verdict for Lumbermens in an action seeking excess coverage for Lumbermens' bad faith in negotiating settlement of Thomas' accident claim.
Viewed in the light most favorable to the verdict, the evidence shows that Thomas was severely injured on April 2, 1978 while a passenger in an automobile owned by Lumbermens' insured, Teodora J. Torres, and driven by Torres' son, Victor. Following the accident Lumbermens' claim representative twice sent no fault benefit applications and medical authorization forms to Thomas along with requests to contact the insurer. Thomas failed to ever contact Lumbermens or to return the forms, and subsequently filed suit alleging negligence. Pending trial, negotiations for settlement proceeded. Interrogatories mailed to Thomas through counsel were never answered. Around this same time, Lumbermens received a report from the Southeast Index Bureau indicating the possible extent of Thomas' injuries. Following receipt of this report, Lumbermens unsuccessfully sought medical confirmation of the injuries from Thomas and his attorney. Thomas' attorney did offer, however, to allow Lumbermens to review the files at his office. An independent adjuster for Lumbermens contacted the attorney's office on twenty-three occasions to set up an appointment to review the files, but never received a response.
In the meantime, discovery pleadings were served on Thomas' attorney seeking production of bills and medical reports. Thomas' deposition, scheduled for October 23, 1978, was cancelled by his attorney, and on October 24, 1978, Thomas offered to settle the claim for the policy limits. Unable to verify Thomas' injuries or expenses, Lumbermens refused the offer, which was later withdrawn. After moving for discovery sanctions, Thomas served responses to discovery including production of medical data. Upon review of this data, Lumbermens offered judgment of the policy limits. Thomas refused this offer and the cause proceeded to trial, resulting in an $810,000 verdict for Thomas.
Following judgment, the Torres assigned their rights against Lumbermens for excess to Thomas who sued the insurer alleging bad faith due to Lumbermens' failure to settle the claim for policy limits when it had the opportunity. Lumbermens defended, alleging Thomas' attorney failed to provide medical information or produce Thomas for examination in an attempt to set up the bad faith action. Following an extensive trial, the jury returned a verdict for Lumbermens. Thomas' post-trial motion for judgment notwithstanding the verdict was denied, and the final judgment appealed herein was entered.
On this appeal, Thomas raises three issues. He contends the trial court erred in (1) denying his motion to set aside the jury verdict when there was no evidence upon which the verdict could be sustained; (2) refusing to permit testimony of an intended rebuttal witness; and (3) denying his requested jury instruction on Lumbermens' duty to investigate.
A "bad faith" insurance suit, which may be maintained by either the insured or by the injured party standing in his place, is based on the insurer's breach of its duty to its insured to make a good faith offer of settlement within the policy limits, so as to avoid exposing the insured to an excess judgment. Kelly v. Williams, 411 So.2d 902 (Fla. 5th DCA 1982).
In response to Thomas' first point, we hold that the record in this case contains *38 sufficient evidence to support the verdict.[1] The standard for determining liability of an insurance carrier in excess judgment cases is bad faith, rather than negligence, although consideration may be given to the negligence of the insurer in determining whether it has breached its duty to negotiate in good faith. DeLaune v. Liberty Mutual Insurance Co., 314 So.2d 601 (Fla. 4th DCA 1975), cert. denied, 330 So.2d 16 (Fla. 1976). To hold the insurer liable for breach of its duty to compromise, the insured (or his assignee) must establish that the insurer's conduct amounted to either bad faith or fraud. Central National Insurance Co. v. Gonzalez, 295 So.2d 694 (Fla. 3d DCA 1974); Welborn v. American Liberty Insurance Co., 260 So.2d 229 (Fla. 1st DCA), cert. denied, 265 So.2d 372 (Fla. 1972). Each case is to be determined on its own facts, and the question of the insurer's failure to act in good faith with due regard for the interests of the insured is for the jury. Liberty Mutual Insurance Co. v. Davis, 412 F.2d 475 (5th Cir.1969); Boston Old Colony Insurance Co. v. Gutierrez, 386 So.2d 783 (Fla. 1980), cert. denied, 450 U.S. 922, 101 S.Ct. 1372, 67 L.Ed.2d 350 (1981).
Applying these principles to the present case, we think that the jury properly weighed the evidence and concluded that Lumbermens' conduct, while possibly somewhat less than diligent, did not rise to the level of bad faith or fraud. Although Thomas contends that Lumbermens should have taken steps to obtain the medical records necessary to confirm his condition following his offer to settle, the evidence shows that this was due, at least in part, to the failure of Thomas and his attorney to respond to requests or make these records available for review. We fail to see what else could have been required of Lumbermens in this particular case beyond the efforts it did make in requesting medical files, mailing no fault applications to Thomas, serving interrogatories, and noticing Thomas for deposition. See DeLaune v. Liberty Mutual Insurance Co., supra (party to lawsuit does not have to accept at face value medical information furnished by the other party); cf. Government Employees Insurance Co. v. Grounds, 311 So.2d 164 (Fla. 1st DCA 1975), cert. discharged, 332 So.2d 13 (Fla. 1976). Inasmuch as bad faith is a jury question and the evidence in this case is sufficient to support the jury's verdict, we will not substitute our judgment for theirs. Government Employees Insurance Co. v. Grounds, supra.
Thomas' second contention centers on the trial judge's refusal to permit testimony of a rebuttal witness to impeach Lumbermens' chief witness. Our review of the record discloses no error with respect to exclusion of this testimony. Unlike the impeachment testimony held admissible in Mathis v. O'Reilly, 400 So.2d 795 (Fla. 5th DCA 1981), the proffered rebuttal testimony in this case would merely have expressed an opinion as to the validity of the opinion expressed by Lumbermens' witness, was cumulative to testimony preceding it, and would not have served in any fashion to impeach Lumbermens' witness. See Reeder v. Edward M. Chadbourne, Inc., 338 So.2d 271 (Fla. 1st DCA 1976); cf. Fogel v. Mirmelli, 413 So.2d 1204 (Fla. 3d DCA 1982) *39 (exclusion of proffered impeachment testimony relating to defendant's prior statement under oath was error where testimony was not merely cumulative). Where no real or substantial harm results from exclusion of a witness, we will not intrude upon the province of the trial judge. H.I. Holding Co. v. Dade County, 129 So.2d 693 (Fla. 3d DCA), cert. denied, 133 So.2d 646 (Fla. 1961).
Thomas' third and final point on appeal is that the trial court erred in denying his requested jury instruction on Lumbermens' duty to investigate and ascertain his injuries. We find no merit in this argument. The court's charge, as given, properly covered the issues raised at trial including the substance of Thomas' requested instruction, and was not "reasonably calculated to confuse or mislead" the jury. Reeder v. Edward M. Chadbourne, Inc., supra, and cases cited.
For the reasons expressed herein, the judgment under review is affirmed.
Affirmed.
NOTES
[1] For this reason, we do not decide whether, as Lumbermens contends, appellate review of the sufficiency of the evidence is precluded by Thomas' failure to move for a new trial or directed verdict and receive a ruling thereon. See Winnemore v. Morton, 214 So.2d 509 (Fla. 4th DCA 1968) and cases cited. The trial transcript reveals that after the verdict was read, Thomas' attorney "renewed" his motion for judgment notwithstanding the verdict, an impossibility since no such motion had earlier been made, nor could it have been since by definition, a motion for judgment notwithstanding the verdict must follow rather than precede a judgment. A motion for judgment notwithstanding the verdict can not test the sufficiency of the evidence, so we surmise that Thomas' counsel apparently intended to move for judgment in accordance with motion for directed verdict, also an improper motion in this case since counsel had not moved for a directed verdict at the close of all the evidence, thus precluding the trial court from considering a post-trial motion challenging the sufficiency of the evidence. See Fla.R.Civ.P. 1.480(b); Laird v. Potter, 367 So.2d 642 (Fla. 3d DCA), cert. denied, 378 So.2d 347 (Fla. 1979); 6651 Collins Avenue Corp. v. Millen, 97 So.2d 490 (Fla. 3d DCA 1957), affirmed, 104 So.2d 337 (Fla. 1958).