LAWRENCE, J.
We have for review an order granting Hill-Kelly Leasing, Incorporated (Hill-Kelly) a new trial on compensatory damages, and Dennis Ray Pietz (Pietz) a new trial on both compensatory and punitive damages. We reverse the order for a new trial on compensa *770 tory damages, and affirm the order for a new trial on punitive damages.
Sandra Dubus and her husband Gary Du-bus (Dubus) sued for damages resulting from an automobile accident on December 30, 1990. Pietz, while drunk,[1] was driving an automobile rented from Hill-Kelly. He hit the rear of an automobile in which Sandra Dubus was a passenger with sufficient force to break her seat and throw it and her into the back seat where her child too was a passenger, causing her permanent injury; the car was a total loss.[2]- The jury, in a bifurcated trial on compensatory and punitive damages, awarded $307,984 in compensatory damages (including $25,000 for loss of consortium), and $200,000 in punitive damages.
The trial judge, in a March 25, 1998 order, granted new trials on compensatory and punitive damages based on improper closing arguments by counsel for Dubus. Dubus appeals.

Compensatory Damages

Our court directs that: “Jury arguments will not be considered grounds for a mistrial nor will they serve as a basis for reversing a judgment unless they are highly prejudicial and inflammatory.” Thundereal Corp. v. Sterling, 368 So.2d 923, 929 (Fla. 1st DCA 1979) (affirming judgment for the plaintiff despite closing comment that: “It’s time for the day of reckoning, and it’s time that this lady got what she is entitled to and not all this inconsistent positions that are being taken by Aetna, the great big insurance company that has got so many people.”).
Pietz and Hill-Kelly argue that, based on closing argument, the trial court properly reversed the jury’s compensatory damages award. Dubus’ counsel however made only one reference, in closing argument, to Pietz’s drunken behavior:
You are not to consider [Pietz’s] drunken driving in considering [compensatory] damages in this case. We don’t want you to. It doesn’t mean that you forget about the conduct that resulted in this accident, that they have admitted is reckless conduct in causing the accident.
This sole comment fails to meet the “highly prejudicial and inflammatory” test of reversal. Thundereal. The compensatory damages awarded to Dubus furthermore were far less than the evidence on the issue.
The trial court failed to apply the Thundereal test of reversal for a new trial, instead reciting that prior orders were violated. This court however holds that where the record fails to support violation of a judge’s order, an order for new trial will be reversed. Cummins Alabama, Inc. v. Allbritten, 548 So.2d 258 (Fla. 1st DCA 1989). The pre-trial order before us recites:
However, Mr. Pietz’s behavior will not be the focus of the first trial, and The Court will consider appropriate motions or objections should Plaintiffs’ presentation exceed boundaries established by The Court for presentation of those issues.
The statement made by counsel for Dubus was fair comment on the evidence, particularly in view of what had already occurred during the trial. On voir dire examination of the jury, Dubus’ counsel, without a contemporaneous objection by Pietz or Hill-Kelly, asked the following question of all prospective jurors:
There is going to be one issue in this case that may be a little sensitive and we need to talk about it for a moment. Mr. Pietz has admitted at the time of this accident that he was intoxicated, that he had drunk enough liquor to be above the legal limit. His blood alcohol levels were .20 and .22 when tested in regard to this case.
So alcohol is going to be before you and will be a part of this trial in some respect. I know that none of us condone drinking alcohol and driving, but if we excluded everybody who doesn’t condone drinking alcohol and driving, we couldn’t pick a jury in this case at all. So with that in mind and knowing that we are here on damages in this case, is there anyone that has a particular problem with the drinking of *771 alcohol in such a way that you feel it would interfere with your judgment in this case?
Later on, during the course of the trial on compensatory damages, Trooper H.P. Powell, without contemporaneous objection by Pietz or Hill-Kelly, testified by admission of his deposition into evidence on the matter of intoxication as follows:
Q. Did you have occasion to determine Mr. Pietz’ status at the accident scene?
A. I assume you’re referring to intoxication?
Q. Yes, sir.
A. Yes, sir. It resulted in me arresting Mr. Pietz for driving while under the influence of an alcoholic beverage.
Q. Did you transport him to the Escam-bia County jail and do certain testing at the Escambia jail with him?
No one argues that Pietz’s drunkenness became a focus of the trial. The order of the trial court recites that counsel’s sole closing argument statement violated “prior admonitions,” but the record is devoid of any evidence to support that conclusion. When counsel for Pietz and Hill-Kelly moved for a mistrial at the time the final argument statement was made, no specific grounds were cited, other than to assert that Dubus’ statement exceeded the boundaries permitted by the judge, but without sufficiently identifying any boundaries previously set by the judge. The only attempt to state grounds under Tfmndereal consisted of the following assertion: “He has, in essence, told this jury to penalize my client who is vicariously Háble for the conduct of the person who was intoxicated.” No request for a curative instruction was made. The trial judge took the motion under advisement. The judge, following retirement of the jury for deliberation, addressed the parties and their counsel as follows:
I would like for all of the parties who are here to know this from me as well. This case was very assertively tried by all of the parties and all the attorneys. There is nothing the Court can think of that anybody did that is a major concern. The issue is solely in the hands of the jury. It was well tried. They are the ones that have to make the determination.
The final argument statement of Dubus’ counsel was brief, referred to matters already presented to the jury, and was far from prejudicial or inflammatory. The court thus erred in granting a new trial on compensatory damages.

Punitive Damages

We agree with the trial judge that closing argument by Dubus’ counsel in the punitive damages trial exceeded the boundaries of proper argument, notably by arguing facts not in evidence. We thus affirm without further discussion the judge’s award of a new trial on punitive damages.

Conclusion

We accordingly reverse the award of a new trial on compensatory damages, and remand for reinstatement of the jury verdict on compensatory damages. We affirm the trial court’s order insofar as it grants a new trial on punitive damages.
WOLF and WEBSTER, JJ., CONCUR.

. Pietz’s blood alcohol tested at .22 and .20, twice the limit; Pietz failed a field sobriety test, and was arrested.

. Gary Dubus died some time after the accident from unrelated causes.